# EXHIBIT A

Approved, SCAO

| | | Original - Court | 2nd copy - Plaintiff |
|---|---|---|---|
| | | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | | 16-5555-CZ |
| 39th **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 425 N. Main St., Adrian, MI 49221 | (517) 264-4597 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| TATE NORDEN | v | FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA, PLC 1455 Jamike Ave., Ste. 200 Erlanger, KY 41018 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| COURTNEY E. MORGAN, JR. (P29137) BRIAN T. KECK (P77668) MORGAN & MEYERS, PLC 3200 Greenfield, Ste. 260 Dearborn, MI 48120 (313) 961-0130 |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued AUG 2 4 2016 | This summons expires NOV 2 3 2016 | Court clerk *Sharon Holloway* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☑ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 16-5555-CZ | Margaret M.S. Noe | P37491 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| City of Adrian, Lenawee County, MI | City of Erlanger, Kenton County, KY |

| Place where action arose or business conducted |
|---|
| Lenawee County, MI |

| Date 8|15|16 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (5/15)   **SUMMONS AND COMPLAINT**     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE 39TH CIRCUIT COURT FOR THE COUNTY OF LENAWEE

**TATE NORDEN,**

                    Plaintiff(s),

vs

**LENAWEE STAMPING CORPORATION,**
**a Domestic Profit Corporation,**

                    Defendant(s).

_____/

**NOTICE OF PRE-TRIAL**
(1st Pre-Trial)

Case No. 16-5555-CZ

```
                    FILED
              39TH CIRCUIT COURT

              APR 1 1 2016

           LENAWEE COUNTY CLERK
             ADRIAN, MICHIGAN
```

This case is hereby set for a pre-trial conference before

    **X  THE HONORABLE MARGARET M.S. NOE, Circuit Court I**
    __  THE HONORABLE ANNA MARIE ANZALONE, Circuit Court II
    __  THE HONORABLE GREGG P. IDDINGS, Probate Court

on  _August 15, 2016_  at  _1:30_  A.M/**P.M.**

- All attorneys in charge of the case are to be present in person.

- All parties must be present in person or represented by counsel.

- A pre-trial statement on the attached form <u>must</u> be filed with the Clerk at least 7 days prior to the pre-trial.

- The purposes of the pre-trial include presentation of proofs, entry of judgment, and/or:
  - Setting calendar for future action in this case through trial, including:
    - Discovery cut-off
    - Date of exchange of witnesses and exhibits (witnesses and exhibits not disclosed on the date scheduled may not be used at trial absent order of the Court on good cause shown)
    - Case evaluation date, if to be case evaluated
    - Next pre-trial date
    - Date for filing and hearing motions.
    - Setting trial date
    - Making any stipulations that may assist in preparation of case.
- Other matters may be raised during the conference.

                              **MARGARET M.S. NOE**
                              **ANNA MARIE ANZALONE**
                              **Circuit Judge**
                              **GREGG P. IDDINGS**
                              **Probate Judge**

cc:     Attorney for Plaintiff(s), for service on Defendant(s)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE


Plaintiff(s)

vs                                                          Case No.


HONORABLE MARGARET M.S. NOE

_____ Defendant(s)/

PRE-TRIAL STATEMENT OF
_____

1. BRIEF STATEMENT OF THEORY OF CASE:



2. REQUESTED ADMISSIONS OF FACT:



3. REQUESTED STIPULATIONS:



4. TIME REQUESTED TO COMPLETE DISCOVERY:                    _____ Days

5. ESTIMATED TIME REQUIRED FOR TRIAL:                       _____ Days

            _____ Jury        _____ Non-Jury

6. SETTLEMENT POSSIBILITY: _____

7. ALL CLAIMS ARISING OUT OF THE TRANSACTION OR OCCURRENCE THAT IS THE SUBJECT MATTER OF THE ACTION HAVE BEEN JOINED AS REQUIRED BY MCR 2.203:        _____ Yes        _____ No

8. OTHER MATTERS:


Dated:                                      _____
                                            Attorney for
                                            Business Address:

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

FILED
39TH CIRCUIT COURT

APR 1 1 2016

LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

TATE NORDEN,

                         Plaintiff,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,

                         Defendant.

_____/

Civil Action
No. 16-5555-CZ

Hon.      HONORABLE
           MARGARET M.S. NOE

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130

_____/

## PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

    At a session of said Court, held in the Courthouse Building
County of Lenawee, State of Michigan, on _____, ____, 2016

PRESENT: HONORABLE _____ HONORABLE
                         CIRCUIT COURT JUDGE MARGARET M.S. NOE

    Upon reading and filing Plaintiff's Verified Complaint and Motion for Show Cause Why A Preliminary Injunction and Temporary Restraining Order Should Be Entered Against Defendant in the above captioned matter and the Court being fully advised in the premises; it appearing that Plaintiffs will suffer irreparable harm unless a Preliminary Injunction and Temporary Restraining Order is issued; that said injury is irreparable because the machine at issue and other documentary evidence in question may become altered or otherwise tampered with thereby depriving plaintiff of his potential causes of action.

person most knowledgeable about the maintenance of the stated piece of equipment; the seller of the stated piece of equipment; the designer of the stated piece of equipment; and, the individual(s) or companies who installed the stated piece of equipment, any and all persons involved in the investigation of the incident wherein Tate Norden was injured.

      C. Any and all MIOSHA violations or investigations regarding the stated piece of equipment or those similar to it.

      D. Any records constituting Defendant's investigation of the incident leading to Norden's injury, and witness statements, photos, etc.

/s/Margaret M.S. Noe

—————————————————
CIRCUIT COURT JUDGE

DATED:  APR 1 1 2016
       @ 2:18pm

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN,

                                    Plaintiff,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,

                                    Defendant.

Civil Action
No. 16-5555-CZ

Hon.  HONORABLE
MARGARET M.S. NOE



**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

_____

## <u>COMPLAINT FOR INJUNCTION AND</u><br><u>TEMPORARY RESTRAINING ORDER</u>

NOW COMES the above-captioned Plaintiff, by and through his attorneys, MORGAN &

MEYERS, PLC, and states as his cause of action against the above-named Defendant, the

following:

1.      Plaintiff, Tate Norden, is a resident of the City of Adrian, State of Michigan.

2.      Defendant Lenawee Stamping Corporation is a domestic profit corporation, with its

principal place of business in the City of Tecumseh, and doing business in the County of Lenawee,

State of Michigan.

3.      On August 29, 2013, Plaintiff Tate Norden was severely injured while assisting co-

workers troubleshoot on a machine at Lenawee Stamping Corporation, identified as a WEMO

Bending Line. Plaintiff was injured when the machine moved while he was assisting, which drove his body into a steel post and a cable chute, slicing him open.

4.      Plaintiff is in the process of examining whether there is third party liability related to this incident pursuant to his rights under MCL 418.827.

5.      Plaintiff requires access to the Defendant's facility in order to examine physical evidence as identified in paragraph 8, as part of determining whether to move forward with a case. See MCR 2.114.

6.      Likewise, Plaintiff is in need of written materials likely to be in his employer's possession, such as contractual documents regarding the design, manufacture, operation, purchase, installation, maintenance and repair or alterations, if any, of the WEMO Bending Line, including the cage and gates surrounding the machine, lock-out/tag-out equipment, and the like, and his injury, including, but not limited to: purchase orders; names of the individuals maintaining the machine, repairing or installing; correspondence, emails, those most knowledgeable about the safe operation of the stated machinery; the purchasers of the equipment identified in paragraph 8; the sellers of the equipment; the designers of the equipment, the manufacturers of the equipment; operating manuals; safety manuals, design drawings and plans, as built drawings and plans, any machine modifications, and the investigation of Mr. Norden's injury, including photos, measurements, witness statements and the like. All of this information is necessary in order for Plaintiff to be able to make a well reasoned determination whether to file suit and, the proper parties to include in a lawsuit, such that Plaintiff does not needlessly waste the time of the Court and other uninvolved parties.

7.      The address for the facility is: 1200 E. Chicago Blvd., Tecumseh, MI 49286.

8.    The relevant physical evidence includes the WEMO machine where Plaintiff was working, the specific device Plaintiff was working on at the time of the incident, the fence surrounding the machine, and all equipment used to ensure lock-out tag-out of the machine.

9.    Upon knowledge and belief, Lenawee Stamping Company is in possession of the stated equipment at their Tecumseh facility, which cannot practically be removed therefrom.

10.    Plaintiff's counsel is concerned at this stage that Lenawee Stamping Corporation may alter the state of the subject piece of equipment and/or dispose of important documents simply to harm and/or deter Plaintiff's counsel, and in this case, by extension, the potential claim of Tate Norden.

11.    Plaintiff's counsel needs to examine the stated machine and examine relevant documents in advance of any inspections, in order to determine whether a claim for defect exists under Michigan product liability law, MCL 600.2946, *et. seq.* or other similar laws.

12.    Defendant Lenawee Stamping Corporation paid workers compensation to Plaintiff. Thus, Defendant may have a lien against the liable party for the amount paid to Plaintiff, and should therefore, logically be cooperative with Plaintiff's efforts which could result in economic gain for Lenawee Stamping Corporation.  The lack of cooperation raises a legitimate concern regarding Defendant Lenawee Stamping Corporation's good faith and motivation.

## CLAIM I – TEMPORARY RESTRAINING ORDER

13.    Upon knowledge and belief, examination of the stated equipment, as well as proper information requests are necessary to determine if there is third party liability or any other liability therein as to Plaintiff's injuries.

14.    Plaintiff presents this Application for Injunctive Relief and Temporary Restraining

3

Order to the Court specifically to prevent Lenawee Stamping Corporation, their associates, contractors, employees, or agents, who may attempt to destroy, modify, harm, change, or in any way alter or move the stated equipment or desired documentation so that Plaintiff's counsel may make the necessary examination of the same to determine whether reasonable cause for liability exists.

15.     Plaintiff does not want to waste the resources of the Court, or unnecessarily bring a lawsuit against a party if no liability exists. As such, a proper inspection of the stated equipment, as well as the necessary documentation review, is essential to the determination of liability in this matter.

WHEREFORE, pursuant to MCR 3.310, the undersigned prays for a Temporary Restraining Order and Injunction:

In the Temporary Restraining Order and Injunction requested under MCR 3.310, the following items are sought to be included:

I.      Preventing Lenawee Stamping Corporation, its employees, agents, representatives, contractors, vendors, successors and assigns, or anybody else from altering, moving, modifying, or materially alter the equipment identified in paragraph 8 and the work area surrounding where Plaintiff was injured until further order of this court;

II.     Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC, and his employees, experts, consultants, etc, to have access to the stated equipment identified in paragraph 8 for the purpose of inspecting, photographing, measuring and analyzing it;

III.    Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC to have necessary documentation, including but not limited to:

4

A. Any and all documents concerning the equipment identified in paragraph 8, including but not limited to: purchase orders; sales orders; records relating to the installation of said equipment; product description; documents describing the features of the stated piece of equipment; documents regarding the options available for the stated equipment identified in paragraph 8; user manuals; installation manuals; maintenance and repair records for the involved equipment and correspondence, including emails with the seller, manufacturer, installer or maintenance of any of the equipment and correspondence, including emails with the seller, manufacturer, installer, or maintenance of any of the equipment, design drawings, product descriptions, as built drawings and descriptions, any records depicting any machine modifications made by Lenawee Stamping or any other firm either before or after Plaintiff's injury, documents describing any lock out/tag out devices, all training documentation for Tate Norden.

B. The names of the following individuals and entities, including their current address and phone numbers: the person who purchased said equipment identified in paragraph 8; the person most knowledgeable about the maintenance of the stated piece of equipment; the seller of the stated piece of equipment; the designer of the stated piece of equipment; and, the individual(s) or companies who installed the stated piece of equipment, any and all persons involved in the investigation of the incident wherein Tate Norden was injured.

C. Any and all MIOSHA violations or investigations regarding the stated piece of equipment or those similar to it.

D. Any records constituting Defendant's investigation of the incident leading to Norden's injury, and witness statements, photos, etc.

IV.    Setting a date for hearing at the earliest possible time on this matter before this

5

Court.

I hereby swear and affirm under penalty of perjury that the above statements are true to the best of my knowledge and information.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
Attorneys for Plaintiff
3200 Greenfield Road, Suite 260
Dearborn, MI 48120
(313) 961-0130

DATED: April 11, 2016

Subscribed and sworn to before me this
11th day of April, 2016.

_____
Notary Public
_____ County, MI
My Commission Expires: 6|12|22

6

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                              Plaintiffs,

v.                                                              Civil Action
                                                                No. 16-5555-CZ

LENAWEE STAMPING CORPORATION,                                   Hon. Margaret M.S. Noe
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

FILED
39TH CIRCUIT COURT
AUG 2 2 2016
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

                              Defendants.
_____/

**COURTNEY E. MORGAN, JR. (P29137)**       **LOWRY M. RAINS (P55246)**
**BRIAN T. KECK (P77668)**                 Rains & Rains
Morgan & Meyers, PLC                       Co-Counsel for Defendant
Attorneys for Plaintiff                    217 E. Front St., Apt. 1
3200 Greenfield, Suite 260                 Adrian, MI 49221
Dearborn, MI  48120                        (517) 263-6180
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730
_____/

## THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the above-captioned Plaintiffs, by and through their attorneys, MORGAN & MEYERS, PLC, and state as their cause of action against the above-named Defendants, the following:

### JURISDICTION AND VENUE

1.      Plaintiff Tate Norden, is a resident of the City of Adrian, County of Lenawee, State of Michigan.

2.      Plaintiff Necia Norden is a resident of the City of Adrian, County of Lenawee, State of Michigan.

3.      Defendant Lenawee Stamping Corporation is a domestic profit corporation, with its principal place of business in the City of Tecumseh, and doing business in the County of Lenawee, State of Michigan.

4.      Defendant Wemo Nederland B.V. is a Netherland corporation, with its principal place of business in 's-Hertogenbosch, the Netherlands.

5.      Defendant Wemo International B.V. is a Netherland corporation, with its principal place of business in 's-Hertogenbosch, the Netherlands.

6.      Defendant Wemo-USA, LLC is a foreign profit corporation, with its principal place of business in Woodstock, Georgia.

7.      Upon knowledge and belief, Defendant Wemo-USA, LLC is the United States subsidiary of Defendant Wemo Nederland B.V. and or Defendant Wemo International B.V. (hereinafter collectively referred to as "Defendant Wemo").

8.      Defendant John Doe is the manufacturer of the fence surrounding the Wemo bending machine at issue in this litigation, with its principal place of business unknown.

2

9.     Defendant Troax Nordic AB is a Swedish corporation, with its principal place of business in Hillerstorp, Sweden.

10.     Defendant Troax, Inc. is a foreign for profit corporation, with its incorporation in the State of Delaware and its registered agent in Nashville, Tennessee.

11.     Upon knowledge and belief Defendant Troax, Inc. is the United States Subsidiary of Defendant Troax Nordic AB  (hereinafter collectively referred to as "Defendant Troax").

12.     Upon knowledge and belief, Defendant Troax is a manufacturer of the fence and interlock surrounding the WEMO bending machine at issue in this litigation.

13.     Defendant Halma PLC is a British public limited company, with its principal place of business in Amersham, England.

14.     Upon knowledge and belief, Defendant Fortress Interlocks is a British private limited company and the United Kingdom subsidiary of Halma PLC, with its principal place of business in West Midlands, England.

15.     Upon knowledge and belief, Defendant Fortress Interlocks America is the United States subsidiary of Halma PLC, with its principal place of business in Erlanger, Kentucky.

16.     Upon knowledge and belief, Defendant Fortress Interlocks America is the United States subsidiary of Halma PLC (hereinafter collectively referred to as "Defendant Halma").

17.     Upon knowledge and belief, Defendant Halma is a manufacturer of the fence and locking system surrounding the WEMO bending machine at issue in this litigation.

18.     Defendant Mecco Engineering Corporation is a Canadian corporation, with its principal place of business in Oakville, Ontario and a registered office address in Mississauga, Ontario.

19.     Defendant PILZ Automation Safety, Limited Partnership (hereinafter referred to as

3

"PILZ") is a Michigan corporation, with its principal place of business in Canton, Michigan.

20.   Defendant Cambridge Rigging, is a Canadian corporation, with its principal place of business in Ayr, Ontario.

## FACTUAL ALLEGATIONS AS TO CLAIM I – TEMPORARY RESTRAINING ORDER

21.   On August 29, 2013, Mr. Norden was severely injured while assisting co-workers troubleshoot on a machine at Lenawee Stamping Corporation, identified as a WEMO Bending Line. Mr. Norden was injured when the machine moved while he was assisting, which drove his body into a steel post and a cable chute, slicing him open.

22.   Mr. Norden is in the process of examining whether there is third party liability related to this incident pursuant to his rights under MCL 418.827.

23.   Mr. Norden  requires access to the Defendant Lenawee Stamping Corporation's facility in order to examine physical evidence as identified in paragraph 8, as part of determining whether to move forward with a case. See MCR 2.114.

24.   Likewise, Mr. Norden is in need of written materials likely to be in his employer's possession, such as contractual documents regarding the design, manufacture, operation, purchase, installation, maintenance and repair or alterations, if any, of the WEMO Bending Line, including the cage and gates surrounding the machine, lock-out/tag-out equipment, and the like, and his injury, including, but not limited to: purchase orders; names of the individuals maintaining the machine, repairing or installing; correspondence, emails, those most knowledgeable about the safe operation of the stated machinery; the purchasers of the equipment identified in paragraph 8; the sellers of the equipment; the designers of the equipment, the manufacturers of the equipment; operating manuals; safety manuals, design drawings and plans, as built drawings and plans, any machine modifications, and the investigation of Mr. Norden's injury, including photos,

measurements, witness statements and the like. All of this information is necessary in order for Mr. Norden to be able to make a well reasoned determination whether to file suit and, the proper parties to include in a lawsuit, such that Mr. Norden does not needlessly waste the time of the Court and other uninvolved parties.

25.     The address for the facility is: 1200 E. Chicago Blvd., Tecumseh, MI 49286.

26.     The relevant physical evidence includes the WEMO machine where Mr. Norden was working, the specific device Mr. Norden was working on at the time of the incident, the fence surrounding the machine, and all equipment used to ensure lock-out tag-out of the machine.

27.     Upon knowledge and belief, Defendant Lenawee Stamping Company is in possession of the stated equipment at their Tecumseh facility, which cannot practically be removed therefrom.

28.     Mr. Norden's counsel is concerned at this stage that Defendant Lenawee Stamping Corporation may alter the state of the subject piece of equipment and/or dispose of important documents simply to harm and/or deter Mr. Norden's counsel, and in this case, by extension, the potential claim of Mr. Norden.

29.     Mr. Norden's counsel needs to examine the stated machine and examine relevant documents in advance of any inspections, in order to determine whether a claim for defect exists under Michigan product liability law, MCL 600.2946, *et. seq.* or other similar laws.

30.     Defendant Lenawee Stamping Corporation paid workers compensation to Mr. Norden. Thus, Defendant may have a lien against the liable party for the amount paid to Mr. Norden, and should therefore, logically be cooperative with Mr. Norden's efforts which could result in economic gain for Lenawee Stamping Corporation.   The lack of cooperation raises a legitimate concern regarding Defendant Lenawee Stamping Corporation's good faith and motivation.

## FACTUAL ALLEGATIONS AS TO CLAIMS II – VII

31.     On January 25, 2010, Defendant Mecco Engineering provided Van-Rob Kirchhoff, located in Aurora, Ontario with a report assessing the WEMO Bending Line's safety hazards. Van-Rob Kirchhoff's legal name is currently Lenawee Stamping Corporation.

32.     The report indicated that the WEMO Bending Line had cutting, crushing, or severing hazards that could inflict serious and potentially permanent injuries to one or more persons. The risk was particularly acute during initial material set up, die changes/set up, and progressive inspection.  Further, the probability of a hazardous event occurring was medium to high, and the ability to avoid such a hazardous event was only "possible in some conditions."

33.     Defendant Mecco Engineering's report ultimately concluded that the WEMO was that there was "frequent to constant exposure" to a potential "irreversible, serious injury or fatal injury," the avoidance of which was only "possible in some conditions."

34.     Defendant Mecco Engineering, among other things, specifically identified the device's guarding were inadequate because they do not "meet the intent of safeguarding provisions."

35.     Defendant Mecco Engineering, however, did not identify the lack of electrical lock-out/tag out mechanisms for the WEMO bending machine.

36.     In 2011, Defendant Cambridge Rigging moved the Wemo bending line from its location at Van Rob Stamping in Aurora, Ontario and installed the WEMO Bending Line at the facility of Lenawee Stamping Corporation.

37.     Defendant Cambridge Rigging was also specifically involved in reconnecting all mechanical and electrical service interconnections along with erecting the Wemo bending line at its eventual location at Lenawee Stamping Corporation in 2011.

38.     On August 29, 2013, Mr. Norden was working at Defendant Lenawee Stamping

Corporation as an apprentice.

39.     Mr. Norden was married to Necia Norden at all pertinent times.

40.     Mr. Norden's job was to, among other things, locate and address maintenance issues.

41.     On the date in question, Mr. Norden was assisting with the maintenance of a Wemo bending machine.

42.     The bending line machine is manufactured by Defendant Wemo.

43.     The bending line machine pulls metal blanks out, transfers them, stamps holes, and sends the blanks down a conveyer belt. It is on automated system containing numerous pinch points.

44.     The WEMO bending machine was surrounding at all pertinent times by a gated fence, that was supposed to be a safety device, such that the Wemo machine was not operational particularly in the automatic mode while the fence or gate was open.

45.     The exact identity of the manufacturer of the fence surrounding the Wemo bending machine is unknown at this time and has been identified as John Doe.

46.     Upon knowledge and belief, the manufacturer of the fence and locking mechanism on the fence surrounding the WEMO bending machine was Defendants Troax and/or Fortress Interlocks, a subsidiary of Halma.

47.     Upon knowledge and belief, the manufacturer of the mechanical lock-out/tag-out mechanism on the fence surrounding the WEMO machine was Defendants Troax and/or Fortress Interlocks, a subsidiary of Halma.

48.     Upon knowledge and belief, the manufacturer of the safety relay in the control circuitry that was installed on the fence and mechanical lock-out/tag-out mechanism on the fence surrounding the Wemo bending line was Defendant PILZ.

7

49.     Defendant Wemo had been dispatched a number of times to make repairs to this very machine.

50.     The machine required frequent maintenance because it was not feeding properly, as the blanks were slipping interfering with the production.

51.     Upon knowledge and belief, the machine did not have an effective lock-out tag-out mechanism, such that it would not be operational while the fence was open.

52.     Due to the lack of effective lock-out tag-out mechanism, Mr. Norden was able to enter the working area of the Wemo machine to perform maintenance while so engaged, he was in contact with the machine when a carriage moved, dragging Mr. Norden with it, impaling and pinching his body on other machine parts.

53.     Mr. Norden bled profusely and excreted bile and urine.

54.     Thirty minutes were spent by paramedics in removing Mr. Norden from the machine and place him on a stretcher.

55.     Mr. Norden was ultimately transported by ambulance to the University of Michigan for medical treatment, during which time he suffered excruciating pain and discomfort.

56.     At the University of Michigan, Plaintiff underwent two surgeries, the first one lasting six hours and the second lasting five hours.

57.     To date, Plaintiff has undergone approximately twenty surgeries.

58.     Plaintiff remained in the hospital for three months, two and half of which were spent in the hospital's intensive care unit.

59.     Plaintiff will require physical therapy to learn to walk again.

60.     Plaintiff has further suffered trauma induced diabetes.

## CLAIM I – TEMPORARY RESTRAINING ORDER

61.     Upon knowledge and belief, examination of the stated equipment, as well as proper information requests are necessary to determine if there is third party liability or any other liability therein as to Plaintiff's injuries.

62.     Plaintiff presents this Application for Injunctive Relief and Temporary Restraining Order to the Court specifically to prevent Lenawee Stamping Corporation, their associates, contractors, employees, or agents, who may attempt to destroy, modify, harm, change, or in any way alter or move the stated equipment or desired documentation so that Plaintiff's counsel may make the necessary examination of the same to determine whether reasonable cause for liability exists.

63.     Plaintiff does not want to waste the resources of the Court, or unnecessarily bring a lawsuit against a party if no liability exists. As such, a proper inspection of the stated equipment, as well as the necessary documentation review, is essential to the determination of liability in this matter.

**WHEREFORE,** pursuant to MCR 3.310, the undersigned prays for a Temporary Restraining Order and Injunction:

In the Temporary Restraining Order and Injunction requested under MCR 3.310, the following items are sought to be included:

I.      Preventing Lenawee Stamping Corporation, its employees, agents, representatives, contractors, vendors, successors and assigns, or anybody else from altering, moving, modifying, or materially alter the equipment identified in paragraph 8 and the work area surrounding where Plaintiff was injured until further order of this court;

II.     Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC, and his employees, experts, consultants, etc, to have access to the stated equipment identified in

paragraph 8 for the purpose of inspecting, photographing, measuring and analyzing it;

      III.     Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC to have necessary documentation, including but not limited to:

      A. Any and all documents concerning the equipment identified in paragraph 8, including but not limited to: purchase orders; sales orders; records relating to the installation of said equipment; product description; documents describing the features of the stated piece of equipment; documents regarding the options available for the stated equipment identified in paragraph 8; user manuals; installation manuals; maintenance and repair records for the involved equipment and correspondence, including emails with the seller, manufacturer, installer or maintenance of any of the equipment and correspondence, including emails with the seller, manufacturer, installer, or maintenance of any of the equipment, design drawings, product descriptions, as built drawings and descriptions, any records depicting any machine modifications made by Lenawee Stamping or any other firm either before or after Plaintiff's injury, documents describing any lock out/tag out devices, all training documentation for Tate Norden.

      B. The names of the following individuals and entities, including their current address and phone numbers: the person who purchased said equipment identified in paragraph 8; the person most knowledgeable about the maintenance of the stated piece of equipment; the seller of the stated piece of equipment; the designer of the stated piece of equipment; and, the individual(s) or companies who installed the stated piece of equipment, any and all persons involved in the investigation of the incident wherein Tate Norden was injured.

      C. Any and all MIOSHA violations or investigations regarding the stated piece of equipment or those similar to it.

      D. Any records constituting Defendant's investigation of the incident leading to

Norden's injury, and witness statements, photos, etc.

    IV.    Setting a date for hearing at the earliest possible time on this matter before this Court.

## CLAIM II – PRODUCT LIABILITY AS TO DEFENDANTS WEMO NEDERLAND B.V., WEMO INTERNATIONAL B.V. AND WEMO-USA, LLC UNDER MCL 600.2946, et al.

    Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

    64.    Defendant Wemo's machine was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL 600.2946).

    65.    Defendant Wemo was grossly negligent and/or had actual knowledge that the machine at issue was defective in that it did not have the proper safety equipment attached to the machine in order to allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendant Wemo had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same manner; and Defendant Wemo willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

    66.    Defendant Wemo owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

    a.    Ensuring that its machine had equipment, parts or-accessories that would allow

persons maintaining the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendant Wemo breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;

b. Failing to ensure that it had equipment, parts or accessories that would allow persons maintaining the machine to do so without being injured;

c. Failing to ensure that the machine had proper safety equipment to prevent individuals, like Plaintiff, maintaining the machine to do so without being injured;

d. Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its machine that would have prevented the harm caused to Plaintiff;

67.    As a direct and proximate result of Defendant Wemo's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

a. Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
b. Any and all injuries as outlined in Plaintiff's medical records;
c. Pain, suffering and emotional distress, past, present and future;
d. Humiliation, mortification, fright, and embarrassment, past, present and future;
e. Emotional and mental suffering, past, present and future;
f. Loss of enjoyment of life past, present and future;
g. Medical expenses;
h. Household services;
i. Lost wages and earning capacity, past, present and future;
j. Attorney fees and legal costs;
k. Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Wemo in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

### CLAIM III – PRODUCT LIABILITY – BREACH OF EXPRESS AND IMPLIED WARRANTY VIOLATION OF UNIFORM COMMERCIAL CODE – MCL 440.2313, 440.2314 & 440.2315 - AS TO DEFENDANTS WEMO NEDERLAND B.V., WEMO INTERNATIONAL B.V. AND WEMO-USA, LLC

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of their

complaint and demand for jury trial, state further:

68.    At all times pertinent to this Complaint Defendant Wemo owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the machine such that it was reasonably fit for the purpose the purpose of bending metal.

69.    At all times pertinent to this Complaint, Defendant Wemo expressly and impliedly warranted that its Wemo bending line complied with all relevant United States and European regulations and safety standards; and, in fact, its product was distributed in accordance with CE regulations.

70.    The "CE" marking on Defendant Wemo's machine indicates compliance with European Union legislation regarding its product, and by affixing the CE marking on its product, Defendant Wemo declared conformity with all of the legal requirements to achieve the CE marking and allowed free movement and sale of its product throughout the European Economic Area; and by affixing the "CE" marking on products sold, distributed and assembled in the United States, Defendant Wemo expressly and/or impliedly warranted that the machine met those same legal requirements.

71.    Wemo distributed its bending line machine to Van-Rob (Lenawee Stamping Corporation) with an applicable user manual setting forth express warranties with respect to the performance of the machine and the safety features contained therein, including a safety fence and mechanical key-switch to ensure that the machine is not operational while the fence is open.

72.    Notwithstanding said obligation, and in breach thereof, Defendant Wemo's machine failed during the normal operation of the product on August 29, 2013.

73.    As a direct and proximate result of Defendant Wemo's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced

13

open:

    a. Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b. Any and all injuries as outlined in Plaintiff's medical records;
    c. Pain, suffering and emotional distress, past, present and future;
    d. Humiliation, mortification, fright, and embarrassment, past, present and future;
    e. Emotional and mental suffering, past, present and future;
    f. Loss of enjoyment of life past, present and future;
    g. Medical expenses;
    h. Household services;
    i. Lost wages and earning capacity, past, present and future;
    j. Attorney fees and legal costs;
    k. Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendant Wemo whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM IV– PRODUCT LIABILITY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA, FORTRESS INTERLOCKS, AND PILZ AUTOMATION UNDER MCL 600.2946, et al.

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

74. Defendants John Doe, Troax, Halma, Fortress Interlocks and PILZ's fence and mechanical lock-out/tag-out mechanism was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL600.2946).

75. Defendants John Doe, Troax, Halma, Fortress Interlocks and PILZ were grossly

14

negligent and/or had actual knowledge that the fence and accompanying mechanical lock-out/tag-out mechanism at issue was defective as it did not ensure that the machine was not operational while individuals, like Plaintiff, were within the confines of the fenced in enclosure containing the Wemo bending machine, which would allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendants John Doe, Troax, Halma, Fortress Interlocks, and PILZ had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same manner; and Defendants John Doe, Troax, Halma, Fortress Interlocks and PILZ willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

76.    Defendants John Doe, Troax, Halma, Fortress Interlocks, and PILZ owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the Wemo bending machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

   a. Ensuring that its fence was designed and functioned in such a manner that the Wemo bending machine within would not operate while the fence was open, such that this would allow persons troubleshooting the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendants John Doe, Troax, Halma and PILZ breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;
   b. Failing to ensure that its equipment, parts or accessories would allow persons troubleshooting the machine to do so without being injured;
   c. Failing to ensure that the fence had proper safety equipment to prevent injury to individuals troubleshooting the machine within the fenced enclosure;
   d. Failing to ensure that extra master keys were not available such that the fence could be opened while the WEMO machine was in automatic mode;
   e. Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its fence that would have prevented the harm caused to Plaintiff;

77.    As a direct and proximate result of Defendants John Doe, Troax, Halma, Fortress

15

Interlocks and PILZ's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a.  Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b.  Any and all injuries as outlined in Plaintiff's medical records;
    c.  Pain, suffering and emotional distress, past, present and future;
    d.  Humiliation, mortification, fright, and embarrassment, past, present and future;
    e.  Emotional and mental suffering, past, present and future;
    f.  Loss of enjoyment of life past, present and future;
    g.  Medical expenses;
    h.  Household services;
    i.  Lost wages and earning capacity, past, present and future;
    j.  Attorney fees and legal costs;
    k.  Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendants John Doe, Troax, Halma, Fortress Interlocks, and PILZ in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM V – PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA, FORTRESS INTERLOCKS, AND PILZ AUTOMATION

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of their complaint and demand for jury trial, state further:

78.    At all times pertinent to this Complaint Defendants John Doe, Troax, Halma, and PILZ owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the fence and accompanying mechanical lock-out/tag-out mechanism such that it was reasonably fit for the purpose of preventing the machine within the fenced in enclosure from operating while individuals were within the enclosure.

79.    Notwithstanding said obligation, and in breach thereof, Defendants John Doe, Troax,

16

Halma, and PILZ's fence and accompanying lock-out/tag-out mechanism failed during the normal operation of the product on August 29, 2013.

80.     As a direct and proximate result of Defendants John Doe, Troax, Halma, and PILZ's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

  a. Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
  b. Any and all injuries as outlined in Plaintiff's medical records;
  c. Pain, suffering and emotional distress, past, present and future;
  d. Humiliation, mortification, fright, and embarrassment, past, present and future;
  e. Emotional and mental suffering, past, present and future;
  f. Loss of enjoyment of life past, present and future;
  g. Medical expenses;
  h. Household services;
  i. Lost wages and earning capacity, past, present and future;
  j. Attorney fees and legal costs;
  k. Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendants John Doe, Troax, Halma, and PILZ in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## COUNT VI – NEGLIGENCE AS TO DEFENDANT MECCO

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

81.     Defendant Mecco Engineering took affirmative steps in examining and assessing the risks posed by Defendant Lenawee Stamping's WEMO Bending Line.

82.     Defendant Mecco Engineering was under a duty to advise Defendant Lenawee Stamping of means by which to make safe the WEMO Bending Line.

83.     Defendant Mecco Engineering breached that duty in failing to make such

recommendations.

84.    As a direct and proximate result of Defendant Mecco Engineering's omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a.  Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b.  Any and all injuries as outlined in Plaintiff's medical records;
    c.  Pain, suffering and emotional distress, past, present and future;
    d.  Humiliation, mortification, fright, and embarrassment, past, present and future;
    e.  Emotional and mental suffering, past, present and future;
    f.  Loss of enjoyment of life past, present and future;
    g.  Medical expenses;
    h.  Household services;
    i.  Lost wages and earning capacity, past, present and future;
    j.  Attorney fees and legal costs;
    k.  Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Mecco in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## COUNT VII – NEGLIGENCE AS TO DEFENDANT CAMBRIDGE RIGGING

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

85.    Defendant Cambridge Rigging took affirmative steps in installing the WEMO Bending Line at the facility of Lenawee Stamping Corporation.

86.    Defendant Cambridge Rigging was under a duty to reconnect and install the Wemo bending line at Lenawee Stamping Corporation such that it would make the Wemo bending line safe for workers like Plaintiff Tate Norden.

87.    Defendant Cambridge Rigging breached that duty in failing to make the Wemo

bending line safe for workers like Plaintiff Tate Norden as there was no effective lock-out/tag-out system.

88.    As a direct and proximate result of Defendant Cambridge Rigging's omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a. Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b. Any and all injuries as outlined in Plaintiff's medical records;
    c. Pain, suffering and emotional distress, past, present and future;
    d. Humiliation, mortification, fright, and embarrassment, past, present and future;
    e. Emotional and mental suffering, past, present and future;
    f. Loss of enjoyment of life past, present and future;
    g. Medical expenses;
    h. Household services;
    i. Lost wages and earning capacity, past, present and future;
    j. Attorney fees and legal costs;
    k. Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendant Cambridge Rigging in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## COUNT VIII - LOSS OF CONSORTIUM

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

89.    As a result of this accident, Plaintiff's spouse, Necia Norden, has suffered and will continue to suffer a loss of her husband's services, society, companionship and consortium.

90.    As a result of the injuries and damages sustained herein, Plaintiff Tate Norden's spouse seeks a judgment in excess of the minimum jurisdictional limits of this Court, which sum

is excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest costs, and attorney fees so wrongfully incurred.

      **WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendants in whatever amount above Twenty-five Thousand ($25,000.00) Dollars which the trier of fact deems appropriate, together with interest, costs and attorney fees.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
Attorneys for Plaintiff
3200 Greenfield Road, Suite 260
Dearborn, MI 48120
(313) 961-0130

DATED: August 18, 2016

20

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                              Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

                            Defendants.

Civil Action
No. 16-5555-CZ

Hon. Margaret M.S. Noe

FILED
39TH CIRCUIT COURT
AUG 2 2 2016
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/

21

## RE-STATED JURY DEMAND

NOW COMES the above-named Plaintiffs, by and through their attorneys, MORGAN &

MEYERS, PLC, and hereby re-state their demand for a trial by jury.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

DATED: August 18, 2016

### PROOF OF SERVICE

I certify that on ___August 18___, 2016 a copy of the foregoing document was served upon all attorneys of record in the above-entitled cause of action, via:

___✓___U.S. Mail    _____Hand Delivery    _____E-Mail

_____Facsimile    _____Overnight Mail    _____Other

I declare under penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

_____

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

                Defendants.

Civil Action
No. 16-5555-CZ

Hon. Margaret M.S. Noe

FILED
39TH CIRCUIT COURT
AUG 2 2 2016
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

**COURTNEY E. MORGAN, JR.** (P29137)
**BRIAN T. KECK** (P77668)
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

**LOWRY M. RAINS** (P55246)
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID J. HOUSTON** (P30448)
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/



## STIPULATION AND ORDER REGARDING THIRD AMENDED COMPLAINT

It is hereby stipulated by and between counsel for Plaintiff Tate Norden and counsel for Defendant Lenawee Stamping Corporation that Plaintiff may file his Third Amended Complaint in the form as attached hereto as Exhibit 1 and further stipulate and agree that Defendant Lenawee Stamping Corporation shall not file any response or answer to the Second Amended Complaint previously filed with this Court, and that Defendant Lenawee Stamping Corporation shall have 21 days from the date of the filing of the Third Amended Complaint, in the form as attached, to file any response or answer to that Third Amended Complaint.

So stipulated and agreed:

BRIAN T. KECK (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120

DAVID J. HOUSTON (P30448)   w/ consent given to BTK (P77668)
                            on 8/18/16
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

Date: August 18, 2016

2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                              Plaintiffs,

v.                                                    Civil Action
                                                      No. 16-5555-CZ

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,                        Hon. Margaret M.S. Noe
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

                              Defendants.

_____/

FILED
39TH CIRCUIT COURT
AUG 2 2 2016
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

**COURTNEY E. MORGAN, JR.** (P29137)        **LOWRY M. RAINS** (P55246)
**BRIAN T. KECK** (P77668)                  Rains & Rains
Morgan & Meyers, PLC                        Co-Counsel for Defendant
Attorneys for Plaintiff                     217 E. Front St., Apt. 1
3200 Greenfield, Suite 260                  Adrian, MI 49221
Dearborn, MI  48120                         (517) 263-6180
(313) 961-0130

**DAVID J. HOUSTON** (P30448)
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/



## ORDER REGARDING AMENDED COMPLAINT

At a session of the Lenawee County Circuit Court,
held in the City of Adrian, State of Michigan, this
_____ day of _____, 2016

PRESENT:   Honorable Margaret M.S. Noe
           Circuit Court Judge

The Court having considered the pleadings and records filed in this case and being fully advised in the premises and pursuant to the above stipulation of counsel for all parties who have appeared in this case;

IT IS HEREBY ORDERED that Plaintiff may file his Third Amended Complaint in the form as attached herein.

IT IS FURTHER ORDERED that Defendant Lenawee Stamping Corporation shall not file any response or answer to the Second Amended Complaint previously filed with this Court, and Defendant Lenawee Stamping Corporation shall have 21 days from the date of the filing of the Third Amended Complaint, in the form as attached, to file any response or answer to that Third Amended Complaint.

IT IS SO ORDERED.

/s/ Jonathan Poer
_____
Honorable Margaret M.S. Noe
Circuit Court Judge          AUG 2 2 2016

4

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                       Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

                       Defendants.

Civil Action
No. 16-5555-CZ

Hon. Margaret M.S. Noe

FILED
39TH CIRCUIT COURT
AUG 24 2016
Lenawee County Clerk
Adrian, Michigan

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the above-captioned Plaintiffs, by and through their attorneys, MORGAN & MEYERS, PLC, and state as their cause of action against the above-named Defendants, the following:

## JURISDICTION AND VENUE

1.      Plaintiff Tate Norden, is a resident of the City of Adrian, County of Lenawee, State of Michigan.

2.      Plaintiff Necia Norden is a resident of the City of Adrian, County of Lenawee, State of Michigan.

3.      Defendant Lenawee Stamping Corporation is a domestic profit corporation, with its principal place of business in the City of Tecumseh, and doing business in the County of Lenawee, State of Michigan.

4.      Defendant Wemo Automation AB is a Swedish corporation, with its principal place of business in Värnamo, Sweden.

5.      Defendant Wemo Automation AB utilizes a distributor, EMI Plastics Equipment, Inc., an Ohio corporation with its principal place of business in the Village of Jackson Center, County of Shelby, State of Ohio.

6.      Defendant Wemo-USA, LLC is a foreign profit corporation, with its principal place of business in Woodstock, Georgia.

7.      Upon knowledge and belief, Defendant Wemo-USA, LLC is the United States subsidiary of Defendant Wemo Automation AB (hereinafter collectively referred to as "Defendant Wemo").

8.      Defendant John Doe is the manufacturer of the fence surrounding the Wemo bending machine at issue in this litigation, with its principal place of business unknown.

9.      Defendant Troax Nordic AB is a Swedish corporation, with its principal place of business in Hillerstorp, Sweden.

10.     Defendant Troax, Inc. is a foreign for profit corporation, with its incorporation in the State of Delaware and its registered agent in Nashville, Tennessee.

11.     Upon knowledge and belief Defendant Troax, Inc. is the United States Subsidiary of Defendant Troax Nordic AB (hereinafter collectively referred to as "Defendant Troax").

12.     Upon knowledge and belief, Defendant Troax is a manufacturer of the fence and interlock surrounding the WEMO bending machine at issue in this litigation.

13.     Defendant Halma PLC is a British public limited company, with its principal place of business in Amersham, England.

14.     Upon knowledge and belief, Defendant Fortress Interlocks is a British private limited company and the United Kingdom subsidiary of Halma PLC, with its principal place of business in West Midlands, England.

15.     Upon knowledge and belief, Defendant Fortress Interlocks America is the United States subsidiary of Halma PLC, with its principal place of business in Erlanger, Kentucky.

16.     Upon knowledge and belief, Defendant Fortress Interlocks America is the United States subsidiary of Halma PLC (hereinafter collectively referred to as "Defendant Halma").

17.     Upon knowledge and belief, Defendant Halma is a manufacturer of the fence and locking system surrounding the WEMO bending machine at issue in this litigation.

18.     Defendant Mecco Engineering Corporation is a Canadian corporation, with its principal place of business in Oakville, Ontario and a registered office address in Mississauga, Ontario.

19.     Defendant PILZ Automation Safety, Limited Partnership (hereinafter referred to as "PILZ") is a Michigan corporation, with its principal place of business in Canton, Michigan.

20.     Defendant Cambridge Rigging, is a Canadian corporation, with its principal place of business in Ayr, Ontario.

## FACTUAL ALLEGATIONS AS TO CLAIM I – TEMPORARY RESTRAINING ORDER

21.     On August 29, 2013, Mr. Norden was severely injured while assisting co-workers troubleshoot on a machine at Lenawee Stamping Corporation, identified as a WEMO Bending Line. Mr. Norden was injured when the machine moved while he was assisting, which drove his body into a steel post and a cable chute, slicing him open.

22.     Mr. Norden is in the process of examining whether there is third party liability related to this incident pursuant to his rights under MCL 418.827.

23.     Mr. Norden requires access to the Defendant Lenawee Stamping Corporation's facility in order to examine physical evidence as identified in paragraph 8, as part of determining whether to move forward with a case. See MCR 2.114.

24.     Likewise, Mr. Norden is in need of written materials likely to be in his employer's possession, such as contractual documents regarding the design, manufacture, operation, purchase, installation, maintenance and repair or alterations, if any, of the WEMO Bending Line, including the cage and gates surrounding the machine, lock-out/tag-out equipment, and the like, and his injury, including, but not limited to: purchase orders; names of the individuals maintaining the machine, repairing or installing; correspondence, emails, those most knowledgeable about the safe operation of the stated machinery; the purchasers of the equipment identified in paragraph 8; the sellers of the equipment; the designers of the equipment, the manufacturers of the equipment; operating manuals; safety manuals, design drawings and plans, as built drawings and plans, any

machine modifications, and the investigation of Mr. Norden's injury, including photos, measurements, witness statements and the like. All of this information is necessary in order for Mr. Norden to be able to make a well reasoned determination whether to file suit and, the proper parties to include in a lawsuit, such that Mr. Norden does not needlessly waste the time of the Court and other uninvolved parties.

25.     The address for the facility is: 1200 E. Chicago Blvd., Tecumseh, MI 49286.

26.     The relevant physical evidence includes the WEMO machine where Mr. Norden was working, the specific device Mr. Norden was working on at the time of the incident, the fence surrounding the machine, and all equipment used to ensure lock-out tag-out of the machine.

27.     Upon knowledge and belief, Defendant Lenawee Stamping Company is in possession of the stated equipment at their Tecumseh facility, which cannot practically be removed therefrom.

28.     Mr. Norden's counsel is concerned at this stage that Defendant Lenawee Stamping Corporation may alter the state of the subject piece of equipment and/or dispose of important documents simply to harm and/or deter Mr. Norden's counsel, and in this case, by extension, the potential claim of Mr. Norden.

29.     Mr. Norden's counsel needs to examine the stated machine and examine relevant documents in advance of any inspections, in order to determine whether a claim for defect exists under Michigan product liability law, MCL 600.2946, *et. seq.* or other similar laws.

30.     Defendant Lenawee Stamping Corporation paid workers compensation to Mr. Norden. Thus, Defendant may have a lien against the liable party for the amount paid to Mr. Norden, and should therefore, logically be cooperative with Mr. Norden's efforts which could result

in economic gain for Lenawee Stamping Corporation. The lack of cooperation raises a legitimate concern regarding Defendant Lenawee Stamping Corporation's good faith and motivation.

## FACTUAL ALLEGATIONS AS TO CLAIMS II – VII

31.    On January 25, 2010, Defendant Mecco Engineering provided Van-Rob Kirchhoff, located in Aurora, Ontario with a report assessing the WEMO Bending Line's safety hazards. Van-Rob Kirchhoff's legal name is currently Lenawee Stamping Corporation.

32.    The report indicated that the WEMO Bending Line had cutting, crushing, or severing hazards that could inflict serious and potentially permanent injuries to one or more persons. The risk was particularly acute during initial material set up, die changes/set up, and progressive inspection. Further, the probability of a hazardous event occurring was medium to high, and the ability to avoid such a hazardous event was only "possible in some conditions."

33.    Defendant Mecco Engineering's report ultimately concluded that the WEMO was that there was "frequent to constant exposure" to a potential "irreversible, serious injury or fatal injury," the avoidance of which was only "possible in some conditions."

34. Defendant Mecco Engineering, among other things, specifically identified the device's guarding were inadequate because they do not "meet the intent of safeguarding provisions."

35.    Defendant Mecco Engineering, however, did not identify the lack of electrical lock-out/tag out mechanisms for the WEMO bending machine.

36.    In 2011, Defendant Cambridge Rigging moved the Wemo bending line from its location at Van Rob Stamping in Aurora, Ontario and installed the WEMO Bending Line at the facility of Lenawee Stamping Corporation.

6

37.     Defendant Cambridge Rigging was also specifically involved in reconnecting all mechanical and electrical service interconnections along with erecting the Wemo bending line at its eventual location at Lenawee Stamping Corporation in 2011.

38.     On August 29, 2013, Mr. Norden was working at Defendant Lenawee Stamping Corporation as an apprentice.

39.     Mr. Norden was married to Necia Norden at all pertinent times.

40.     Mr. Norden's job was to, among other things, locate and address maintenance issues.

41.     On the date in question, Mr. Norden was assisting with the maintenance of a Wemo bending machine.

42.     The bending line machine is manufactured by Defendant Wemo.

43.     The bending line machine pulls metal blanks out, transfers them, stamps holes, and sends the blanks down a conveyer belt. It is on automated system containing numerous pinch points.

44.     The WEMO bending machine was surrounding at all pertinent times by a gated fence, that was supposed to be a safety device, such that the Wemo machine was not operational particularly in the automatic mode while the fence or gate was open.

45.     The exact identity of the manufacturer of the fence surrounding the Wemo bending machine is unknown at this time and has been identified as John Doe.

46.     Upon knowledge and belief, the manufacturer of the fence and locking mechanism on the fence surrounding the WEMO bending machine was Defendants Troax and/or Fortress Interlocks, a subsidiary of Halma.

47.     Upon knowledge and belief, the manufacturer of the mechanical lock-out/tag-out mechanism on the fence surrounding the WEMO machine was Defendants Troax and/or Fortress Interlocks, a subsidiary of Halma.

48.     Upon knowledge and belief, the manufacturer of the safety relay in the control circuitry that was installed on the fence and mechanical lock-out/tag-out mechanism on the fence surrounding the Wemo bending line was Defendant PILZ.

49.     Defendant Wemo had been dispatched a number of times to make repairs to this very machine.

50.     The machine required frequent maintenance because it was not feeding properly, as the blanks were slipping interfering with the production.

51.     Upon knowledge and belief, the machine did not have an effective lock-out tag-out mechanism, such that it would not be operational while the fence was open.

52.     Due to the lack of effective lock-out tag-out mechanism, Mr. Norden was able to enter the working area of the Wemo machine to perform maintenance while so engaged, he was in contact with the machine when a carriage moved, dragging Mr. Norden with it, impaling and pinching his body on other machine parts.

53.     Mr. Norden bled profusely and excreted bile and urine.

54.     Thirty minutes were spent by paramedics in removing Mr. Norden from the machine and place him on a stretcher.

55.     Mr. Norden was ultimately transported by ambulance to the University of Michigan for medical treatment, during which time he suffered excruciating pain and discomfort.

56.     At the University of Michigan, Plaintiff underwent two surgeries, the first one lasting six hours and the second lasting five hours.

8

57. To date, Plaintiff has undergone approximately twenty surgeries.

58. Plaintiff remained in the hospital for three months, two and half of which were spent in the hospital's intensive care unit.

59. Plaintiff will require physical therapy to learn to walk again.

60. Plaintiff has further suffered trauma induced diabetes.

## CLAIM I – TEMPORARY RESTRAINING ORDER

61. Upon knowledge and belief, examination of the stated equipment, as well as proper information requests are necessary to determine if there is third party liability or any other liability therein as to Plaintiff's injuries.

62. Plaintiff presents this Application for Injunctive Relief and Temporary Restraining Order to the Court specifically to prevent Lenawee Stamping Corporation, their associates, contractors, employees, or agents, who may attempt to destroy, modify, harm, change, or in any way alter or move the stated equipment or desired documentation so that Plaintiff's counsel may make the necessary examination of the same to determine whether reasonable cause for liability exists.

63. Plaintiff does not want to waste the resources of the Court, or unnecessarily bring a lawsuit against a party if no liability exists. As such, a proper inspection of the stated equipment, as well as the necessary documentation review, is essential to the determination of liability in this matter.

**WHEREFORE**, pursuant to MCR 3.310, the undersigned prays for a Temporary Restraining Order and Injunction:

In the Temporary Restraining Order and Injunction requested under MCR 3.310, the following items are sought to be included:

I.      Preventing Lenawee Stamping Corporation, its employees, agents, representatives, contractors, vendors, successors and assigns, or anybody else from altering, moving, modifying, or materially alter the equipment identified in paragraph 8 and the work area surrounding where Plaintiff was injured until further order of this court;

II.     Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC, and his employees, experts, consultants, etc, to have access to the stated equipment identified in paragraph 8 for the purpose of inspecting, photographing, measuring and analyzing it;

III.    Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC to have necessary documentation, including but not limited to:

A.      Any and all documents concerning the equipment identified in paragraph 8, including but not limited to: purchase orders; sales orders; records relating to the installation of said equipment; product description; documents describing the features of the stated piece of equipment; documents regarding the options available for the stated equipment identified in paragraph 8; user manuals; installation manuals; maintenance and repair records for the involved equipment and correspondence, including emails with the seller, manufacturer, installer or maintenance of any of the equipment and correspondence, including emails with the seller, manufacturer, installer, or maintenance of any of the equipment, design drawings, product descriptions, as built drawings and descriptions, any records depicting any machine modifications made by Lenawee Stamping or any other firm either before or after Plaintiff's injury, documents describing any lock out/tag out devices, all training documentation for Tate Norden.

B.      The names of the following individuals and entities, including their current address and phone numbers: the person who purchased said equipment identified in paragraph 8; the person most knowledgeable about the maintenance of the stated piece of equipment; the seller

10

of the stated piece of equipment; the designer of the stated piece of equipment; and, the individual(s) or companies who installed the stated piece of equipment, any and all persons involved in the investigation of the incident wherein Tate Norden was injured.

    C.  Any and all MIOSHA violations or investigations regarding the stated piece of equipment or those similar to it.

    D.  Any records constituting Defendant's investigation of the incident leading to Norden's injury, and witness statements, photos, etc.

  IV.  Setting a date for hearing at the earliest possible time on this matter before this Court.

## CLAIM II – PRODUCT LIABILITY AS TO DEFENDANTS WEMO AUTOMATION AB AND WEMO-USA, LLC UNDER MCL 600.2946, et al.

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

64.  Defendant Wemo's machine was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL 600.2946).

65.  Defendant Wemo was grossly negligent and/or had actual knowledge that the machine at issue was defective in that it did not have the proper safety equipment attached to the machine in order to allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendant Wemo had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same

manner; and Defendant Wemo willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

66.     Defendant Wemo owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

a.  Ensuring that its machine had equipment, parts or accessories that would allow persons maintaining the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendant Wemo breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;

b.  Failing to ensure that its had equipment, parts or accessories that would allow persons maintaining the machine to do so without being injured;

c.  Failing to ensure that the machine had proper safety equipment to prevent individuals, like Plaintiff, maintaining the machine to do so without being injured;

d.  Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its machine that would have prevented the harm caused to Plaintiff;

67.     As a direct and proximate result of Defendant Wemo's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

a.  Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

b.  Any and all injuries as outlined in Plaintiff's medical records;

c.  Pain, suffering and emotional distress, past, present and future;

d.  Humiliation, mortification, fright, and embarrassment, past, present and future;

e.  Emotional and mental suffering, past, present and future;

f.  Loss of enjoyment of life past, present and future;

g.  Medical expenses;

h.  Household services;

i.  Lost wages and earning capacity, past, present and future;

j.  Attorney fees and legal costs;

k.  Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Wemo in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM III – PRODUCT LIABILITY – BREACH OF EXPRESS AND IMPLIED WARRANTY VIOLATION OF UNIFORM COMMERCIAL CODE – MCL 440.2313, 440.2314 & 440.2315 - AS TO DEFENDANT WEMO AUTOMATION AB AND WEMO-USA, LLC

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of their complaint and demand for jury trial, state further:

68.     At all times pertinent to this Complaint Defendant Wemo owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the machine such that it was reasonably fit for the purpose the purpose of bending metal.

69.     At all times pertinent to this Complaint, Defendant Wemo expressly and impliedly warranted that its Wemo bending line complied with all relevant United States and European regulations and safety standards; and, in fact, its product was distributed in accordance with CE regulations.

70.     The "CE" marking on Defendant Wemo's machine indicates compliance with European Union legislation regarding its product, and by affixing the CE marking on its product, Defendant Wemo declared conformity with all of the legal requirements to achieve the CE marking and allowed free movement and sale of its product throughout the European Economic Area; and by affixing the "CE" marking on products sold, distributed and assembled in the United States, Defendant Wemo expressly and/or impliedly warranted that the machine met those same legal requirements.

13

71.     Wemo distributed its bending line machine to Van-Rob (Lenawee Stamping Corporation) with an applicable user manual setting forth express warranties with respect to the performance of the machine and the safety features contained therein, including a safety fence and mechanical key-switch to ensure that the machine is not operational while the fence is open.

72.     Notwithstanding said obligation, and in breach thereof, Defendant Wemo's machine failed during the normal operation of the product on August 29, 2013.

73.     As a direct and proximate result of Defendant Wemo's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a.    Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b.    Any and all injuries as outlined in Plaintiff's medical records;
    c.    Pain, suffering and emotional distress, past, present and future;
    d.    Humiliation, mortification, fright, and embarrassment, past, present and future;
    e.    Emotional and mental suffering, past, present and future;
    f.    Loss of enjoyment of life past, present and future;
    g.    Medical expenses;
    h.    Household services;
    i.    Lost wages and earning capacity, past, present and future;
    j.    Attorney fees and legal costs;
    k.    Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Wemo whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM IV-- PRODUCT LIABILITY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA, AND PILZ AUTOMATION UNDER MCL 600.2946, et al.

14

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

74.     Defendants John Doe, Troax, Halma and PILZ's fence and mechanical lock-out/tag-out mechanism was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL600.2946).

75.     Defendants John Doe, Troax, Halma and PILZ were grossly negligent and/or had actual knowledge that the fence and accompanying mechanical lock-out/tag-out mechanism at issue was defective as it did not ensure that the machine was not operational while individuals, like Plaintiff, were within the confines of the fenced in enclosure containing the Wemo bending machine, which would allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendants John Doe, Troax, Halma, and PILZ had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same manner; and Defendants John Doe, Troax, Halma, and PILZ willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

76.     Defendants John Doe, Troax, Halma, and PILZ owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the Wemo bending machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

    a.     Ensuring that its fence was designed and functioned in such a manner that the Wemo bending machine within would not operate while the fence was

open, such that this would allow persons troubleshooting the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendants John Doe, Troax, Halma and PILZ breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;

b.  Failing to ensure that its equipment, parts or accessories would allow persons troubleshooting the machine to do so without being injured;

c.  Failing to ensure that the fence had proper safety equipment to prevent injury to individuals troubleshooting the machine within the fenced enclosure;

d.  Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its fence that would have prevented the harm caused to Plaintiff;

77.    As a direct and proximate result of Defendants John Doe, Troax, Halma and PILZ's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

a.  Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

b.  Any and all injuries as outlined in Plaintiff's medical records;

c.  Pain, suffering and emotional distress, past, present and future;

d.  Humiliation, mortification, fright, and embarrassment, past, present and future;

e.  Emotional and mental suffering, past, present and future;

f.  Loss of enjoyment of life past, present and future;

g.  Medical expenses;

h.  Household services;

i.  Lost wages and earning capacity, past, present and future;

j.  Attorney fees and legal costs;

k.  Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendants John Doe, Troax, Halma, and PILZ in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM V – PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA AND PILZ AUTOMATION

16

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of their complaint and demand for jury trial, state further:

78.     At all times pertinent to this Complaint Defendants John Doe, Troax, Halma, and PILZ owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the fence and accompanying mechanical lock-out/tag-out mechanism such that it was reasonably fit for the purpose of preventing the machine within the fenced in enclosure from operating while individuals were within the enclosure.

79.     Notwithstanding said obligation, and in breach thereof, Defendants John Doe, Troax, Halma, and PILZ's fence and accompanying lock-out/tag-out mechanism failed during the normal operation of the product on August 29, 2013.

80.     As a direct and proximate result of Defendants John Doe, Troax, Halma, and PILZ's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

     a.    Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
     b.    Any and all injuries as outlined in Plaintiff's medical records;
     c.    Pain, suffering and emotional distress, past, present and future;
     d.    Humiliation, mortification, fright, and embarrassment, past, present and future;
     e.    Emotional and mental suffering, past, present and future;
     f.    Loss of enjoyment of life past, present and future;
     g.    Medical expenses;
     h.    Household services;
     i.    Lost wages and earning capacity, past, present and future;
     j.    Attorney fees and legal costs;
     k.    Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendants John Doe, Troax, Halma, and PILZ in whatever amount, in excess of TWENTY-

FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

<div align="center">

**COUNT VI – NEGLIGENCE AS TO DEFENDANT MECCO**

</div>

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

81.    Defendant Mecco Engineering took affirmative steps in examining and assessing the risks posed by Defendant Lenawee Stamping's WEMO Bending Line.

82.    Defendant Mecco Engineering was under a duty to advise Defendant Lenawee Stamping of means by which to make safe the WEMO Bending Line.

83.    Defendant Mecco Engineering breached that duty in failing to make such recommendations.

84.    As a direct and proximate result of Defendant Mecco Engineering's omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a.    Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
    b.    Any and all injuries as outlined in Plaintiff's medical records;
    c.    Pain, suffering and emotional distress, past, present and future;
    d.    Humiliation, mortification, fright, and embarrassment, past, present and future;
    e.    Emotional and mental suffering, past, present and future;
    f.    Loss of enjoyment of life past, present and future;
    g.    Medical expenses;
    h.    Household services;
    i.    Lost wages and earning capacity, past, present and future;
    j.    Attorney fees and legal costs;
    k.    Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendant Mecco in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00)

<div align="center">18</div>

DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## COUNT VII – NEGLIGENCE AS TO DEFENDANT CAMBRIDGE RIGGING

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

85.     Defendant Cambridge Rigging took affirmative steps in installing the WEMO Bending Line at the facility of Lenawee Stamping Corporation.

86.     Defendant Cambridge Rigging was under a duty to reconnect and install the Wemo bending line at Lenawee Stamping Corporation such that it would make the Wemo bending line safe for workers like Plaintiff Tate Norden.

87.     Defendant Cambridge Rigging breached that duty in failing to make the Wemo bending line safe for workers like Plaintiff Tate Norden as there was no effective lock-out/tag-out system.

88.     As a direct and proximate result of Defendant Cambridge Rigging's omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

      a.      Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;
      b.      Any and all injuries as outlined in Plaintiff's medical records;
      c.      Pain, suffering and emotional distress, past, present and future;
      d.      Humiliation, mortification, fright, and embarrassment, past, present and future;
      e.      Emotional and mental suffering, past, present and future;
      f.      Loss of enjoyment of life past, present and future;
      g.      Medical expenses;
      h.      Household services;
      i.      Lost wages and earning capacity, past, present and future;
      j.      Attorney fees and legal costs;
      k.      Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendant Cambridge Rigging in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## COUNT VIII - LOSS OF CONSORTIUM

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

89.     As a result of this accident, Plaintiff's spouse, Necia Norden, has suffered and will continue to suffer a loss of her husband's services, society, companionship and consortium.

90.     As a result of the injuries and damages sustained herein, Plaintiff Tate Norden's spouse seeks a judgment in excess of the minimum jurisdictional limits of this Court, which sum is excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest costs, and attorney fees so wrongfully incurred.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against Defendants in whatever amount above Twenty-five Thousand ($25,000.00) Dollars which the trier of fact deems appropriate, together with interest, costs and attorney fees.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
Attorneys for Plaintiff
3200 Greenfield Road, Suite 260
Dearborn, MI  48120
(313) 961-0130

DATED: August 15, 2016

20

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC, a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and,
CAMBRIDGE RIGGING, a Canadian corporation,

Defendants.

Civil Action
No. 16-5555-CZ

Hon. Margaret M.S. Noe

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/

## RE-STATED JURY DEMAND

NOW COMES the above-named Plaintiffs, by and through their attorneys, MORGAN &

MEYERS, PLC, and hereby re-state their demand for a trial by jury.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

DATED: August 15, 2016

### PROOF OF SERVICE

I certify that on __August 16__, 2016 a copy of the foregoing document was served upon all attorneys of record in the above-entitled cause of action, via:

___✓___ U.S. Mail     _____ Hand Delivery     _____ E-Mail

_____ Facsimile     _____ Overnight Mail     _____ Other

I declare under penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

_____

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                              Plaintiffs,

v.                                         Civil Action
                                         No. 16-5555-CZ

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,                        Hon. Margaret M.S. Noe
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
A Foreign Profit Corporation, and,
JOHN DOE (Fence Manufacturer),
                           Defendants.
_____/

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)** | **LOWRY M. RAINS (P55246)** |
| **BRIAN T. KECK (P77668)** | Rains & Rains |
| Morgan & Meyers, PLC | Co-Counsel for Defendant |
| Attorneys for Plaintiff | 217 E. Front St., Apt. 1 |
| 3200 Greenfield, Suite 260 | Adrian, MI 49221 |
| Dearborn, MI  48120 | (517) 263-6180 |
| (313) 961-0130 | |
| | |
| **DAVID J. HOUSTON (P30448)** | |
| Dickinson Wright PLLC | |
| Attorneys for Defendant | |
| 215 South Washington Sq., Ste 200 | |
| Lansing, MI 48933 | |
| (517) 371-1730 | |



FILED
39TH CIRCUIT COURT

JUL - 5 2016

Lenawee County Clerk
Adrian  Michigan

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      NOW COME the above-captioned Plaintiffs, by and through their attorneys, MORGAN

& MEYERS, PLC, and state as their cause of action against the above-named Defendants, the

following:

### JURISDICTION AND VENUE

    1.      Plaintiff Tate Norden, is a resident of the City of Adrian, County of Lenawee, State of

Michigan.

2.     Plaintiff Necia Norden is a resident of the City of Adrian, County of Lenawee, State of Michigan.

3.     Defendant Lenawee Stamping Corporation is a domestic profit corporation, with its principal place of business in the City of Tecumseh, and doing business in the County of Lenawee, State of Michigan.

4.     Defendant Wemo Automation AB is a Swedish corporation, with its principal place of business in Värnamo, Sweden.

5.     Defendant Wemo Automation AB utilizes a distributor, EMI Plastics Equipment, Inc., an Ohio corporation with its principal place of business in the Village of Jackson Center, County of Shelby, State of Ohio.

6.     Defendant Wemo-USA, LLC is a foreign profit corporation, with its principal place of business in Woodstock, Georgia.

7.     Upon knowledge and belief, Defendant Wemo-USA, LLC is the United States subsidiary of Defendant Wemo Automation AB (hereinafter collectively referred to as "Defendant Wemo").

8.     Defendant John Doe, is the manufacturer of the fence surrounding the Wemo bending machine at issue in this litigation, with its principal place of business unknown.

## FACTUAL ALLEGATIONS AS TO CLAIM I – TEMPORARY RESTRAINING ORDER

9.     On August 29, 2013, Mr. Norden was severely injured while assisting co-workers troubleshoot on a machine at Lenawee Stamping Corporation, identified as a WEMO Bending Line. Mr. Norden was injured when the machine moved while he was assisting, which drove his body into a steel post and a cable chute, slicing him open.

2

10.     Mr. Norden is in the process of examining whether there is third party liability related to this incident pursuant to his rights under MCL 418.827.

11.     Mr. Norden requires access to the Defendant Lenawee Stamping Corporation's facility in order to examine physical evidence as identified in paragraph 8, as part of determining whether to move forward with a case. See MCR 2.114.

12.     Likewise, Mr. Norden is in need of written materials likely to be in his employer's possession, such as contractual documents regarding the design, manufacture, operation, purchase, installation, maintenance and repair or alterations, if any, of the WEMO Bending Line, including the cage and gates surrounding the machine, lock-out/tag-out equipment, and the like, and his injury, including, but not limited to: purchase orders; names of the individuals maintaining the machine, repairing or installing; correspondence, emails, those most knowledgeable about the safe operation of the stated machinery; the purchasers of the equipment identified in paragraph 8; the sellers of the equipment; the designers of the equipment, the manufacturers of the equipment; operating manuals; safety manuals, design drawings and plans, as built drawings and plans, any machine modifications, and the investigation of Mr. Norden's injury, including photos, measurements, witness statements and the like. All of this information is necessary in order for Mr. Norden to be able to make a well reasoned determination whether to file suit and, the proper parties to include in a lawsuit, such that Mr. Norden does not needlessly waste the time of the Court and other uninvolved parties.

13.     The address for the facility is: 1200 E. Chicago Blvd., Tecumseh, MI 49286.

14.     The relevant physical evidence includes the WEMO machine where Mr. Norden was working, the specific device Mr. Norden was working on at the time of the incident, the fence surrounding the machine, and all equipment used to ensure lock-out tag-out of the machine.

15.     Upon knowledge and belief, Defendant Lenawee Stamping Company is in possession of the stated equipment at their Tecumseh facility, which cannot practically be removed therefrom.

16.     Mr. Norden's counsel is concerned at this stage that Defendant Lenawee Stamping Corporation may alter the state of the subject piece of equipment and/or dispose of important documents simply to harm and/or deter Mr. Norden's counsel, and in this case, by extension, the potential claim of Mr. Norden.

17.     Mr. Norden's counsel needs to examine the stated machine and examine relevant documents in advance of any inspections, in order to determine whether a claim for defect exists under Michigan product liability law, MCL 600.2946, *et. seq.* or other similar laws.

18.     Defendant Lenawee Stamping Corporation paid workers compensation to Mr. Norden. Thus, Defendant may have a lien against the liable party for the amount paid to Mr. Norden, and should therefore, logically be cooperative with Mr. Norden's efforts which could result in economic gain for Lenawee Stamping Corporation.   The lack of cooperation raises a legitimate concern regarding Defendant Lenawee Stamping Corporation's good faith and motivation.

## FACTUAL ALLEGATIONS AS TO CLAIMS II - VI

19.     On August 29, 2013, Mr. Norden was working at Defendant Lenawee Stamping Corporation as an apprentice.

20.     Mr. Norden was married to Necia Norden at all pertinent times.

21.     Mr. Norden's job was to, among other things, locate and address maintenance issues.

22.     On the date in question, Mr. Norden was called to assist with the maintenance of a Wemo bending machine.

23.     The machine is manufactured by Defendant Wemo.

24.     The machine pulls metal blanks out, transfers them, stamps holes, and sends the

4

blanks down a conveyer belt.

25.     The Wemo bending machine was surrounding at all pertinent times by a fence, that was supposed to be a lock-out tag-out mechanism, such that the Wemo machine was not operational while the fence was open.

26.     The identity of the manufacturer of the fence surrounding the Wemo bending machine is unknown at this time and has been identified as John Doe

27.     Defendant Wemo had been dispatched a number of times to make repairs to this very machine.

28.     The machine required maintenance because it was not feeding properly, as the blanks were slipping.

29.     Upon knowledge and belief, the machine did not have a functioning lock-out tag-out mechanism.

30.     As Mr. Norden was repairing the machine, he got caught, and was unable to get off.

31.     As the conveyer belt moved, with Mr. Norden riding on it, a wire bundler spliced through his pelvic area, through the groin and stomach.

32.     Mr. Norden bled profusely and excreted bile and urine.

33.     Thirty minutes were spent by paramedics in removing Mr. Norden from the machine and place him on a stretcher.

34.     Fog made it impossible for Mr. Norden to be transported by helicopter to the hospital.

35.     Mr. Norden was ultimately transported by ambulance to the University of Michigan for medical treatment, during which time he suffered excruciating pain and discomfort.

36.     At the University of Michigan, Plaintiff underwent two surgeries, the first one lasting six hours and the second lasting five hours.

37.     To date, Plaintiff has undergone approximately twenty surgeries.

38.     Plaintiff remained in the hospital for three months, two and half of which were spent in the hospital's intensive care unit.

39.     Plaintiff will require physical therapy to learn to walk again.

40.     Plaintiff has further suffered trauma induced diabetes.

## CLAIM I – TEMPORARY RESTRAINING ORDER

41.     Upon knowledge and belief, examination of the stated equipment, as well as proper information requests are necessary to determine if there is third party liability or any other liability therein as to Plaintiff's injuries.

42.     Plaintiff presents this Application for Injunctive Relief and Temporary Restraining Order to the Court specifically to prevent Lenawee Stamping Corporation, their associates, contractors, employees, or agents, who may attempt to destroy, modify, harm, change, or in any way alter or move the stated equipment or desired documentation so that Plaintiff's counsel may make the necessary examination of the same to determine whether reasonable cause for liability exists.

43.     Plaintiff does not want to waste the resources of the Court, or unnecessarily bring a lawsuit against a party if no liability exists. As such, a proper inspection of the stated equipment, as well as the necessary documentation review, is essential to the determination of liability in this matter.

**WHEREFORE,** pursuant to MCR 3.310, the undersigned prays for a Temporary Restraining Order and Injunction:

In the Temporary Restraining Order and Injunction requested under MCR 3.310, the following items are sought to be included:

6

I.      Preventing Lenawee Stamping Corporation, its employees, agents, representatives, contractors, vendors, successors and assigns, or anybody else from altering, moving, modifying, or materially alter the equipment identified in paragraph 8 and the work area surrounding where Plaintiff was injured until further order of this court;

II.     Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC, and his employees, experts, consultants, etc, to have access to the stated equipment identified in paragraph 8 for the purpose of inspecting, photographing, measuring and analyzing it;

III.    Allowing the undersigned, Courtney E. Morgan, Jr. of Morgan & Meyers, PLC to have necessary documentation, including but not limited to:

A. Any and all documents concerning the equipment identified in paragraph 8, including but not limited to: purchase orders; sales orders; records relating to the installation of said equipment; product description; documents describing the features of the stated piece of equipment; documents regarding the options available for the stated equipment identified in paragraph 8; user manuals; installation manuals; maintenance and repair records for the involved equipment and correspondence, including emails with the seller, manufacturer, installer or maintenance of any of the equipment and correspondence, including emails with the seller, manufacturer, installer, or maintenance of any of the equipment, design drawings, product descriptions, as built drawings and descriptions, any records depicting any machine modifications made by Lenawee Stamping or any other firm either before or after Plaintiff's injury, documents describing any lock out/tag out devices, all training documentation for Tate Norden.

B. The names of the following individuals and entities, including their current address and phone numbers: the person who purchased said equipment identified in paragraph 8; the person most knowledgeable about the maintenance of the stated piece of equipment; the seller

7

of the stated piece of equipment; the designer of the stated piece of equipment; and, the individual(s) or companies who installed the stated piece of equipment, any and all persons involved in the investigation of the incident wherein Tate Norden was injured.

C. Any and all MIOSHA violations or investigations regarding the stated piece of equipment or those similar to it.

D. Any records constituting Defendant's investigation of the incident leading to Norden's injury, and witness statements, photos, etc.

IV.    Setting a date for hearing at the earliest possible time on this matter before this Court.

## CLAIM II – PRODUCT LIABILITY AS TO DEFENDANTS WEMO AUTOMATION AB AND WEMO-USA, LLC UNDER MCL 600.2946, et al.

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

44.    Defendant Wemo's machine was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL600.2946).

45.    Defendant Wemo was grossly negligent and/or had actual knowledge that the machine at issue was defective in that it did not have the proper safety equipment attached to the machine in order to allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendant Wemo had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same

8

manner; and Defendant Wemo willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

46.     Defendant Wemo owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

      a.   Ensuring that its machine had equipment, parts or accessories that would allow persons troubleshooting the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendant Wemo breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;

      b.   Failing to ensure that its had equipment, parts or accessories that would allow persons troubleshooting the machine to do so without being injured;

      c.   Failing to ensure that the machine had proper safety equipment to prevent individuals, like Plaintiff, troubleshooting the machine to do so without being injured;

      d.   Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its machine that would have prevented the harm caused to Plaintiff;

47.     As a direct and proximate result of Defendant Wemo's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

      a.   Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

      b.   Any and all injuries as outlined in Plaintiff's medical records;

c.      Pain, suffering and emotional distress, past, present and future;

d.      Humiliation, mortification, fright, and embarrassment, past, present and future;

e.      Emotional and mental suffering, past, present and future;

f.      Loss of enjoyment of life past, present and future;

g.      Medical expenses;

h.      Lost wages and earning capacity, past, present and future;

i.      Attorney fees and legal costs;

j.      Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Wemo in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM III – PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY AS TO DEFENDANT WEMO AUTOMATION AB AND WEMO-USA, LLC

Plaintiffs incorporates by reference the paragraphs above, and in furtherance of their complaint and demand for jury trial, state further:

48.     At all times pertinent to this Complaint Defendant Wemo owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the machine such that it was reasonably fit for the purpose the purpose of bending metal.

49.     Notwithstanding said obligation, and in breach thereof, Defendant Wemo's machine failed during the normal operation of the product on August 29, 2013.

50.     As a direct and proximate result of Defendant Wemo's acts and omissions identified

10

herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a. Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

    b. Any and all injuries as outlined in Plaintiff's medical records;

    c. Pain, suffering and emotional distress, past, present and future;

    d. Humiliation, mortification, fright, and embarrassment, past, present and future;

    e. Emotional and mental suffering, past, present and future;

    f. Loss of enjoyment of life past, present and future;

    g. Medical expenses;

    h. Lost wages and earning capacity, past, present and future;

    i. Attorney fees and legal costs;

    j. Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant Wemo whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM IV– PRODUCT LIABILITY AS TO DEFENDANT JOHN DOE UNDER MCL 600.2946, et al.

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of his complaint and demand for jury trial, states further:

51. Defendant John Doe's fence was not reasonably safe at the time it left the control of the manufacturer/seller because a practical and technically feasible alternative production practice was available that would have prevented the harm caused to Plaintiff without

11

significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others; thereby invoking Section 2946 of Act 236 of 1961, the Revised Judicature Act of 1961 (MCL600.2946).

52.     Defendant John Doe was grossly negligent and/or had actual knowledge that the machine at issue was defective in that it did not have the proper safety equipment attached to the machine in order to allow persons troubleshooting the machine to do so without being injured in the same manner as Plaintiff; Defendant John Doe had actual knowledge that there was a substantial likelihood that the defect would cause individuals, like Plaintiff, to be injured in that same manner; and Defendant John Doe willfully disregarded that knowledge in the design, manufacture and distribution of its product to customers in the United States.

53.     Defendant John Doe owed a duty to use reasonable care in the design, manufacture and assembly of its product so that persons using the machine, such as Plaintiff, would not be exposed to an unreasonable risk of injury, by:

a.   Ensuring that its fence was designed and functioned in such a manner that the machine within would not operate while the fence was open, such that this would allow persons troubleshooting the machine to do so without being injured in violation of Section 2947 of Act 246 of 1961, the Revised Judicature Act of 1961 (MCL 600.2947(3)), Defendant John Doe breached their aforementioned duty to Plaintiff and others similarly situated by the following acts and omissions;

b.   Failing to ensure that its equipment, parts or accessories would allow persons troubleshooting the machine to do so without being injured;

c.   Failing to ensure that the fence had proper safety equipment to prevent injury to individuals troubleshooting the machine within the fenced enclosure;

12

     d.   Failing to use all technologically and economically feasible safety features and generally accepted production practices available for use on its fence that would have prevented the harm caused to Plaintiff;

54.    As a direct and proximate result of Defendant John Doe's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

     k.   Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

     l.   Any and all injuries as outlined in Plaintiff's medical records;

     m.   Pain, suffering and emotional distress, past, present and future;

     n.   Humiliation, mortification, fright, and embarrassment, past, present and future;

     o.   Emotional and mental suffering, past, present and future;

     p.   Loss of enjoyment of life past, present and future;

     q.   Medical expenses;

     r.   Lost wages and earning capacity, past, present and future;

     s.   Attorney fees and legal costs;

     t.   Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE,** Plaintiffs respectfully request that judgment be rendered against Defendant John Doe in whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

## CLAIM V – PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY AS TO DEFENDANT JOHN DOE

Plaintiffs incorporate by reference the paragraphs above, and in furtherance of their complaint and demand for jury trial, state further:

55.     At all times pertinent to this Complaint Defendant John Doe owed the general public, including Plaintiff, a duty to design, manufacture, market, label, instruct, warn and distribute the fence such that it was reasonably fit for the purpose of preventing the machine within the fenced in enclosure from operating while individuals were within the enclosure.

56.     Notwithstanding said obligation, and in breach thereof, Defendant John Doe's fence failed during the normal operation of the product on August 29, 2013.

57.     As a direct and proximate result of Defendant John Doe's acts and omissions identified herein, Plaintiff suffered the following economic and non-economic damages when he was spliced open:

    a.  Physical injuries, including severe laceration of the abdomen, diabetes, multiple invasive medical procedures;

    b.  Any and all injuries as outlined in Plaintiff's medical records;

    c.  Pain, suffering and emotional distress, past, present and future;

    d.  Humiliation, mortification, fright, and embarrassment, past, present and future;

    e.  Emotional and mental suffering, past, present and future;

    f.  Loss of enjoyment of life past, present and future;

    g.  Medical expenses;

    h.  Lost wages and earning capacity, past, present and future;

    i.  Attorney fees and legal costs;

    j.  Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Plaintiffs respectfully request that judgment be rendered against

Defendant John Doe whatever amount, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which the trier of fact deems appropriate, together with interest, costs and attorney fees.

<div align="center">

### COUNT VI - LOSS OF CONSORTIUM

</div>

Plaintiffs hereby restate, reallege and incorporate by reference each and every paragraph above, as though fully set forth herein, and further state, in the alternative, the following:

58.     As a result of this accident, Plaintiff's spouse, Necia Norden, has suffered and will continue to suffer a loss of her husband's services, society, companionship and consortium.

59.     As a result of the injuries and damages sustained herein, Plaintiff's spouse seeks a judgment in excess of the minimum jurisdictional limits of this Court, which sum is excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest costs, and attorney fees so wrongfully incurred.

WHEREFORE, Plaintiffs respectfully request that judgment be rendered against Defendants in whatever amount above Twenty-five Thousand ($25,000.00) Dollars which the trier of fact deems appropriate, together with interest, costs and attorney fees.

Respectfully submitted,

MORGAN & MEYERS, PLC

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
Attorneys for Plaintiff
3200 Greenfield Road, Suite 260
Dearborn, MI 48120
(313) 961-0130

DATED: June 30, 2016

15

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                                    Plaintiffs,

v.                                                                      Civil Action
                                                                        No. 16-5555-CZ
LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,                                          Hon. Margaret M.S. Noe
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
A Foreign Profit Corporation, and,
JOHN DOE (Fence Manufacturer),
                                    Defendants.
_____/

**COURTNEY E. MORGAN, JR. (P29137)**      **LOWRY M. RAINS (P55246)**
**BRIAN T. KECK (P77668)**                Rains & Rains
Morgan & Meyers, PLC                      Co-Counsel for Defendant
Attorneys for Plaintiff                   217 E. Front St., Apt. 1
3200 Greenfield, Suite 260                Adrian, MI 49221
Dearborn, MI   48120                      (517) 263-6180
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730
_____/


## JURY DEMAND

        NOW COMES the above-named Plaintiff, by and through his, MORGAN & MEYERS,

PLC, and hereby demands a trial by jury.


                        Respectfully submitted,

                        MORGAN & MEYERS, PLC


                                16

BY: _____

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

DATED: June 30, 2016

**PROOF OF SERVICE**

I certify that on ___June 30___, 2016 a copy of the
foregoing document was served upon all attorneys of record in
the above-entitled cause of action, via:

___✓___U.S. Mail      _____Hand Delivery      _____E-Mail

_____Facsimile      _____Overnight Mail      _____Other

I declare under penalty of perjury that the above statement is true
to the best of my knowledge, information and belief.

_____

17

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN
                    Plaintiff(s)

vs

LENAWEE STAMPING CORPORATION,          Case No.   16-5555-CZ
A Domestic Profit Corporation,          HON. MARGARET M.S. NOE
WEMO AUTOMATION AB, a
Swedish corporation,
WEMO-USA, LLC, a
Foreign Profit Corporation, and
JOHN DOE (Fence Manufacturer)
                    Defendant(s)

---

Courtney E. Morgan, Jr. (P29137)              David J. Houston (P30448)
Brian T. Keck (P77668)                        Attorney for Defendants
Attorneys for Plaintiff                       215 S. Washington Sq., Ste. 200
3200 Greenfield, Ste. 260                     Lansing, MI  48933
Dearborn, MI 48120

Lowry M. Rains (P55246)
Co-Counsel for Defendants
217 E. Front Street, Apt. 1
Adrian, MI  49221

---

## ORDER OF ADJOURNMENT

At a session of said court, held at the Rex B Martin Judicial Building,
in the City of Adrian, County of Lenawee, State of Michigan
on the 5th day of August, 2016.

**PRESENT: THE HONORABLE MARGARET M.S. NOE, CIRCUIT JUDGE**

This matter having been scheduled for a Pre-Trial Scheduling Conference on Monday, August 15, 2016, at 1:30 P.M., and due to a conflict in the Court's schedule on that date and time, upon the Court's own motion, the parties' being notified, and the Court being fully advised in the premises;

NOW THEREFORE, IT IS ORDERED that the Pre-Trial Scheduling Conference in this matter is adjourned to MONDAY, OCTOBER 17, 2016, AT 1:30 P.M.   before the Honorable Margaret M.S. Noe.

Margaret M.S. Noe (P37491) Circuit Judge
Dated:  August 5, 2016

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that I served the foregoing document upon the parties/ attorneys for the parties, by first class mail/inter-office mail on this date at their addresses as indicated in the file herein.

Kelley J. Pifer

Signed: 8/5/2016

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
A Foreign Profit Corporation, and,
JOHN DOE (Fence Manufacturer),

Defendants.

Civil Action
No. 16-5555-CZ

Hon. Margaret M.S. Noe

FILED
39TH CIRCUIT COURT
AUG - 9 2016
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI  48120
(313) 961-0130

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/

## STIPULATION AND ORDER REGARDING SECOND AMENDED COMPLAINT

It is hereby stipulated by and between counsel for Plaintiff Tate Norden and counsel for

Defendant Lenawee Stamping Corporation that Plaintiff may file his Second Amended

Complaint in the form as attached hereto as Exhibit 1 and further stipulate and agree that

Defendant Lenawee Stamping Corporation shall not file any response or answer to the First Amended Complaint previously filed with this Court, and that Defendant Lenawee Stamping Corporation shall have 21 days from the date of the filing of the Second Amended Complaint, in the form as attached, to file any response or answer to that Second Amended Complaint.

So stipulated and agreed:

BRIAN T. KECK (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120

DAVID J. HOUSTON (P30448)       w/ consent given via email dated 8/5/16
Dickinson Wright PLLC                         BTK (P77668)
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

Date: August 5, 2016

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

                                        Plaintiffs,

v.                                                          Civil Action
                                                            No. 16-5555-CZ

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,                              Hon. Margaret M.S. Noe
WEMO AUTOMATION AB,
a Swedish corporation,
WEMO-USA, LLC,
A Foreign Profit Corporation, and,
JOHN DOE (Fence Manufacturer),
                                        Defendants.



/

**COURTNEY E. MORGAN, JR. (P29137)**      **LOWRY M. RAINS (P55246)**
**BRIAN T. KECK (P77668)**                Rains & Rains
Morgan & Meyers, PLC                      Co-Counsel for Defendant
Attorneys for Plaintiff                   217 E. Front St., Apt. 1
3200 Greenfield, Suite 260                Adrian, MI 49221
Dearborn, MI  48120                       (517) 263-6180
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

_____/

**<u>ORDER REGARDING AMENDED COMPLAINT</u>**

At a session of the Lenawee County Circuit Court,
held in the City of Adrian, State of Michigan, this
_____ day of _____, 2016

PRESENT:    Honorable Margaret M.S. Noe
            Circuit Court Judge

The Court having considered the pleadings and records filed in this case and being fully advised in the premises and pursuant to the above stipulation of counsel for all parties who have appeared in this case;

IT IS HEREBY ORDERED that Plaintiff may file his Second Amended Complaint in the form as attached herein.

IT IS FURTHER ORDERED that Defendant Lenawee Stamping Corporation shall not file any response or answer to the First Amended Complaint previously filed with this Court, and Defendant Lenawee Stamping Corporation shall have 21 days from the date of the filing of the Second Amended Complaint, in the form as attached, to file any response or answer to that Second Amended Complaint.

IT IS SO ORDERED.

/s/Margaret M.S. Noe

Honorable Margaret M.S. Noe
Circuit Court Judge

AUG - 9 2016

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN,

     Plaintiff,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,

     Defendant.

Civil Action No. 16-5555-CZ

Hon. Margaret M.S. Noe

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI   48120
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180



FILED
39TH CIRCUIT COURT

JUL - 5 2016

Lenawee County Clerk
Adrian, Michigan

_____/

## STIPULATION AND ORDER REGARDING AMENDED COMPLAINT

    It is hereby stipulated by and between counsel for Plaintiff Tate Norden and counsel for

Defendant Lenawee Stamping Corporation that Plaintiff may file his First Amended Complaint

attached as Exhibit 1.

Agreed to in form and substance:

BRIAN T. KECK (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120

DAVID J. HOUSTON (P30448)   w/ consent BTK (P77668)
Dickinson Wright PLLC        given via email dated 6/30/16
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730

Date: June 30, 2016

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN,

    Plaintiff,

v.                                                                          Civil Action No. 16-5555-CZ

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,

                                      Hon. Margaret M.S. Noe

    Defendant.

_____/

**COURTNEY E. MORGAN, JR. (P29137)**        **LOWRY M. RAINS (P55246)**
**BRIAN T. KECK (P77668)**        Rains & Rains
Morgan & Meyers, PLC        Co-Counsel for Defendant
Attorneys for Plaintiff        217 E. Front St., Apt. 1
3200 Greenfield, Suite 260        Adrian, MI 49221
Dearborn, MI  48120        (517) 263-6180
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant
215 South Washington Sq., Ste 200
Lansing, MI 48933
(517) 371-1730
_____/



FILED
39TH CIRCUIT COURT
JUL – 5 2016
Lenawee County Clerk
Adrian, Michigan

## <u>ORDER REGARDING AMENDED COMPLAINT</u>

At a session of the Lenawee County Circuit Court,
held in the City of Adrian, State of Michigan, this
_____ day of _____, 2016

        PRESENT:   Honorable Margaret M.S. Noe
                          Circuit Court Judge

The Court having considered the pleadings and records filed in this case and being fully

advised in the premises;

IT IS HEREBY ORDERED that Plaintiff may file his First Amended Complaint attached herein.

IT IS SO ORDERED.


/s/Margaret M.S. Noe
_____
Honorable Margaret M.S. Noe
Circuit Court Judge            JUL 0 5 2016

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

    Plaintiffs,

v

                                                     CASE NO:  16-555-CZ
                                                     HON.  Anna M. Anzalone

LENAWEE STAMPING CORPORATION, a
Domestic Profit Corporation, WEMO NEDERLAND
B.V., a Netherland Corporation, WEMO
INTERNATIONAL B.V., a Netherland Corporation,
WEMO-USA, LLC, a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer), TROAX
NORDIC AB, a Swedish Corporation, TROAX,
INC., a Foreign Profit corporation, MECCO
ENGINEERING CORPORATION, a Canadian
Corporation, HALMA PLC, a British Public Limited
Company, FORTRESS INTERLOCKS LIMITED, a
British Corporation and subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a
subsidiary of HALMA PLC, PILZ AUTOMATION
SAFETY, LIMITED PARTNERSHIP, a Domestic
Limited Partnership, and CAMBRIDGE RIGGING,
a Canadian Corporation,

    Defendants.

_____/

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC
Attorney for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130
Fax (313) 961-8178
Email:  cmorgan@morganmeyers.com
       bkeck@morganmeyers.com

Michael C. O'Malley (P59108)
LAW OFFICE OF JAMES M. HICKS
Attorney for Defendant PILZ Automations Safety, L.P.
One Towne Square, Suite 1060
Southfield, MI 48076
(248) 350-6173
Fax (314) 682-1469
Email:  michael.o'malley@cna.com

David J. Houston (P30448)
DICKINSON WRIGHT PLLC
Attorney for Defendant
  Lenawee Stamping Corporation
215 South Washington Square, Suite 200
Lansing, MI48933
(517) 371-1730
Fax (844) 670-6009
Email:  dhouston@dickinsonwright.com

Lowry M. Rains (P55246)
RAINS & RAINS
Co-Counsel for Defendant
  Lenawee Stamping Corporation
217 E. Front Street, Apt. 1
Adrian, MI48221
(517) 263-6180
Fax (517)-263-6880
Email: rainslaw@frontier.com

David S. Anderson (P31213)
WARD, ANDERSON, PORRITT, BRYANT & LORD
Attorneys for Defendants Halma PLC
 and Fortress Interlocks
4190 Telegraph Road, Suite 2300
Bloomfield Hills, MI 48302
(248) 593-1440
Fax (248) 593-7920
Email: danderson@wardanderson.com

Philip S. Heebsh (0075547)
ROETZEL & ANDRESS, LPA
Attorney for Defendants Troax, Inc.
 and Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH 43604
(419) 254-5277
Fax (419) 242-0316
Email: pheebsh@ralaw.com

John T. Eads, III (P43815)
Jeffrey C. Hart (P69217)
WILSON ELSER MOSKOWITZ EDELMAN
 & DICKER, LLP
Attorneys for Defendant WEMO-USA, LLC
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100
Fax (313) 327-3101
Email: jeffrey.hart@wilsonelser.com

J. Kevin Winters (P59405)
JK.WINTERS, P.C.
Attorney for Defendant Cambridge Rigging
411 West Lake Lansing Road, Suite B-125
East Lansing, MI 48823
(517) 908-3370
Fax (517) 908-3388
Email: kwinters@winterspc.com

## PRETRIAL STATEMENT OF PILZ AUTOMATION SAFETY, LP

### 1. BRIEF STATEMENT OF THEORY OF CASE:

Defendant Pilz Automation Safety, LP, has no liability in this matter. Any product manufactured by this Defendant complied with all applicable standards at the time that it left the control of Pilz Automation Safety, LP, and any alleged defects were the result of subsequent changes to the product, failure of proper maintenance or operation, failure to follow good and safe operating procedures, and/or misuse of the product. Further, any product of this Defendant may have been manufactured, installed, distributed, or sold according to the specifications of others and that the end user of any product possesses special knowledge pertaining the attributes of the acceptable use of the product. Further, Plaintiff and/or any subsequent users of the Defendant's product failed to heed instructions, notices and warnings on the safe operation of the product.

### 2. REQUESTED ADMISSIONS OF FACT:

- Defendant, Pilz Automation Safety, LP, would ask for an admission that its product was a component product that was modified for use by others and that it was not unreasonably dangerous when it left the control of Defendant and that there was no safer, practical, or

technically feasible alternative production of any product which would have prevented the harm without significantly impairing the usefulness or desirability and it is recognized by a person with the ordinary knowledge common to the community.

- Defendant would ask for an admission that its product was not the cause of Plaintiff's injuries and that any injuries were due to misuse or modification of the product.
- Defendant may ask for an admission that the product was sold under contract and that the terms of the contract apply for purposes of indemnification and/or limitations of liability.

3. **REQUESTED STIPULATIONS:**
- Defendant will likely request a stipulation as to the authenticity of records.
- Defendant will likely request a stipulation as to the terms of any contract of sale of its product(s).

4. **TIME REQUESTED TO COMPLETE DISCOVERY:**   __180__  Days

5. **ESTIMATED TIME REQUIRED FOR TRIAL:** __15__ Days  __X__  Jury

6. **SETTLEMENT POSSIBILITY:**  Settlement is possible; but, significantly more information is needed by this Defendant before any meaningful discussion can be had.

7. **ALL CLAIMS ARISING OUT OF THE TRANSACTION OR OCCURRENCE THAT IS THE SUBJECT MATTER HAVE BEEN JOINED AS REQUIRED BY MCR 3.203:**
_____YES  _____NO – Defendant has no understanding of which of its products or services may have been involved in the subject incident.  Without knowledge of the specific product and/or sale, it is conceivable that the sale of the product may have been subject to contractual indemnification.  If so, then Defendant would have a potential cross-claim against one of the defendants and/or a third-party; depending on the chain of custody.

## 8.  OTHER MATTERS:

Defendant has need of an inspection of the subject equipment and identification (by part number and serial number) of any of its product that was allegedly involved in this incident.

LAW OFFICE OF JAMES M. HICKS

BY: _____

Michael C. O'Malley (P59108)
Attorney for Defendant Pilz Automation Safety,
One Towne Square, Suite 1060
Southfield, MI 48076
(248) 350-6173

DATED:  October 13, 2016

4

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing
instrument was served upon the attorneys of record of all parties
to the above cause by mailing the same to them at their respective
business addresses as disclosed by the pleadings of record herein with
postage fully prepaid thereon on _____ *10 - 13 -16* _____, AND
VIA EMAIL
I declare under the penalty of perjury that the statement above
is true to the best of my information, knowledge and belief.

_____
Diane Collins

5

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN, ET AL.

Plaintiffs,

vs.

LENAWEE STAMPING
CORPORATION, et al.,

Defendants.

CASE NO.   16-5555-CZ

JUDGE MARGARET M.S. NOE

**ANSWER OF DEFENDANTS**
**TROAX, INC. AND**
**TROAX NORDIC AB TO**
**PLAINTIFFS' COMPLAINT**

**(Jury Demand Endorsed Hereon)**

Now come the above named Defendants, Troax, Inc. and Troax Nordic AB (herein after referred to as "Troax"), by and through counsel, and for their answer to the Plaintiffs' Complaint herein, state as follows:

1.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

2.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

3.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

4.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny for lack of knowledge, the allegations set forth in paragraph 5 of Plaintiffs' Complaint.

6.      Defendants deny for lack of knowledge, the allegations set forth in paragraph 6 of Plaintiffs' Complaint.

7.      Defendants deny for lack of knowledge, the allegations set forth in paragraph 7 of Plaintiffs' Complaint.

8.      Defendants deny for lack of knowledge, the allegations set forth in paragraph 8 of Plaintiffs' Complaint.

9.      Defendants admit the allegations set forth in paragraph 9 of Plaintiffs' Complaint.

10.     Defendants admit the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11.     Defendants deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 12 of Plaintiffs' Complaint.

13.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

14.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

15.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

35.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 38 of Plaintiffs' Complaint.

39.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

41.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

43.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 43 of Plaintiffs' Complaint.

44.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

45.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 45 of Plaintiffs' Complaint.

46.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

47.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

49.    Defendants deny for lack of knowledge, the allegations set forth in paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

51.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 51 of Plaintiffs' Complaint.

52.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 52 of Plaintiffs' Complaint.

53.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 53 of Plaintiffs' Complaint.

54.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 54 of Plaintiffs' Complaint.

55.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 55 of Plaintiffs' Complaint.

56.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 56 of Plaintiffs' Complaint.

57.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 60 of Plaintiffs' Complaint.

61.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 66 of Plaintiffs' Complaint.

67.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 67 of Plaintiffs' Complaint.

68.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 68 of Plaintiffs' Complaint.

69.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 69 of Plaintiffs' Complaint.

70.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 72

of Plaintiffs' Complaint.

73. Defendants deny for lack of knowledge, the allegations set forth in paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations set forth in paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny for lack of knowledge, the allegations set forth in paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny for lack of knowledge, the allegations set forth in paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny for lack of knowledge, the allegations set forth in paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny for lack of knowledge, the allegations set forth in paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny for lack of knowledge, the allegations set forth in paragraph 82 of Plaintiffs' Complaint.

83. Defendants deny for lack of knowledge, the allegations set forth in paragraph 83 of Plaintiffs' Complaint.

84. Defendants deny for lack of knowledge, the allegations set forth in paragraph 84 of Plaintiffs' Complaint.

85. Defendants deny for lack of knowledge, the allegations set forth in paragraph 85 of Plaintiffs' Complaint.

86.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 87 of Plaintiffs' Complaint.

88.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 88 of Plaintiffs' Complaint.

89.     Defendants deny for lack of knowledge, the allegations set forth in paragraph 89 of Plaintiffs' Complaint.

90. .   Defendants deny for lack of knowledge, the allegations set forth in paragraph 90 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

1.     Insofar as the Plaintiffs have failed to state a claim, Plaintiffs are not entitled to the requested relief.

2.     Insofar as Plaintiffs were negligent, contributorily negligent, comparatively negligent, and/or assumed the risk, Plaintiffs are not entitled to the requested relief.

3.     Insofar as Plaintiffs have failed to join necessary and/or indispensable parties, Plaintiffs are not entitled to the requested relief.

4.     Insofar as these Answering Defendants were not negligent, Plaintiffs are not entitled to the requested relief.

5.     Insofar as there was an intervening and/or superseding cause, Plaintiffs are not entitled to the requested relief.

9

6.     Insofar as Plaintiffs were negligent, Plaintiffs are not entitled to the requested relief.

7.     These Answering Defendants raise each and every affirmative defense applicable under Ohio's tort reform statute, as same may be declared applicable in the instant matter.

8.     Insofar as the injuries alleged in Plaintiffs' Complaint were caused by persons and/or entities not under the control of these Answering Defendants, Plaintiffs are not entitled to the requested relief.

9.     Insofar as the injuries and damages alleged in Plaintiffs' Complaint were not proximately caused by the within action, Plaintiffs are not entitled to the requested relief.

10.     Insofar as Plaintiffs' claims are barred by the statute of limitations, laches, waiver and/or estoppel, Plaintiffs are not entitled to the requested relief.

11.     Insofar as the injuries alleged in Plaintiffs' Complaint were caused by the negligence of parties other than these Answering Defendants, Plaintiffs are not entitled to the requested relief.

12.     Plaintiffs' claims are barred in whole or in part, by his lack of standing to assert such claims.

13.     These Answering Defendants hereby assert its right to the "Empty Chair" defense, permitted under the Ohio Tort Reform Statutes and which allows the jury to allocate fault to a person or entity that is not a party to the within action at the time of trial.

14.     Insofar as the incident and/or the injuries alleged in Plaintiffs' Complaint were caused by an Act of God, Plaintiffs are not entitled to the requested relief.

15.     Insofar as Plaintiffs have failed to mitigate damages, Plaintiffs are not entitled to the requested relief.

These Answering Defendants expressly reserve the right to raise any affirmative defenses not related herein which may apply as discovery progresses in this matter.

WHEREFORE, having fully responded to the allegations set forth in Plaintiffs' Complaint, these Defendants hereby demand that Plaintiffs' claims against them be dismissed and that they recover their costs expended herein.

Respectfully submitted,

Philip S. Heebsh (0075547)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

ATTORNEY FOR DEFENDANTS
TROAX, INC. and TROAX NORDIC AB

**JURY DEMAND**

Defendants hereby demand a trial by jury as permitted by law.

Philip S. Heebsh   (0075547)

## PROOF OF SERVICE

A copy of the foregoing was served on this ____ day of September, 2016 by regular

United States mail to:

Courtney E. Morgan, Jr., Esq.
Brian T. Keck
Morgan & Meyers PLC
3200 Greenfield, Suite 260
Dearborn, MI 48120

ATTORNEY FOR PLAINTIFFS
TATE AND NECIA NORDEN

David J. Houston, Esq.
Dickinson Wright PLLC
215 South Washington Square
Suite 200
Lansing, MI 48933

ATTORNEY FOR DEFENDANTS

Lowry M. Rains, Esq.
Rains & Rains
217 E. Front Street, Apt. 1
Adrian, MI 49221

CO-COUNSEL FOR
DEFENDANTS

Philip S. Heebsh

10855553 _1 135645.0001

12

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

NORDEN

Plaintiff(s)

vs                                                    Case No. _16-3555 CZ_

LENANEE STHNING                                       HONORABLE ANNA MARIE ANZALONE

Defendant(s)

_____/

PRE-TRIAL SCHEDULING ORDER

The Pre-Trial having been held on ___12-12-16___.

Present were:

_____        _____
Attorney(s) for Plaintiff(s)                    Attorney(s) for Defendant(s)

IT IS HEREBY ORDERED:

1.  All amendments to pleadings or amended pleadings must be filed at least 30/___ days before the date when discovery is to be completed.

2.  Discovery shall be completed on or before ___Oct. 9, 2017___. No additional discovery will be permitted thereafter except on motion for good cause shown.  ALL DISCOVERY MUST BE COMPLETED BEFORE THE DEADLINE FOR MOTIONS PURSUANT TO MCR 2.116(C).

3.  On or before ___July 3, 2017___ Plaintiff(s) shall file and exchange with other party/ies the names, area of expertise and a brief synopsis of expected testimony of each expert witness he will call.

    On or before ___July 17, 2017___ Defendant(s) shall file and exchange with other counsel the names, area of expertise and a brief synopsis of expected testimony of each expert he will call.  Experts whose names are not filed and exchanged together with the area of expertise and brief synopsis of expected testimony shall not be permitted to testify except upon motion for good cause shown.

4.  Names of **all other witnesses** shall be filed with the court and exchanged with other party/ies and all exhibits shall be listed with the court and made available to the other party/ies no later than ___July 17___ 20_17_. Witnesses whose names are not so filed and exchanged shall not be permitted to testify except upon motion for good cause shown. Exhibits not so listed and exchanged shall not be admitted except upon motion for good cause shown.

5.  All motions pursuant to MCR 2.116 (C) must be filed ~~and heard at least thirty (30) days before case evaluation.~~ By DECEMBER 18, 2017.

6.  An extra copy of each motion and response thereto, including supporting briefs, **SHALL BE PROVIDED DIRECTLY TO THE JUDGE** at the time of filing. Motions under MCR 2.116(C)(10) must be filed at least 3 weeks prior to hearing and responses thereto must be filed at least 1 week prior to hearing. Sanctions will be invoked in case of failure to comply with this pre-trial provision.

7.  This matter will be case evaluated January / April / July / October of 20__. No attorney shall disclose to

case evaluator(s) the status of negotiations or amount of any settlement offer(s) absent a request by the case evaluator(s) without objection by any party.

8. The pre-trial conference is continued to ~~FEB 12, 2018~~, at ~~9:00~~ .M. The parties and the attorney for each party who will be the chief attorney trying the case shall be present. Each insurance company involved shall have personally present a representative with ultimate settlement authority. A corporate party must have personally present a corporate officer or employee with full authority to settle the case and with knowledge of the facts. THIS IS THE ONLY PRE-TRIAL NOTICE THAT YOU WILL RECEIVE.

9. At the pre-trial conference, counsel will be expected to be prepared to discuss settlement, trial procedures, proposed jury instructions, if applicable, and use of depositions and exhibits.

10. Attorneys shall cause all exhibits to be marked by the court recorder at least 2 business days prior to trial.

11. All depositions shall be completed at least 21 days prior to trial. All objections to deposition testimony and/or all motions in limine shall be deemed waived unless noticed and heard at least 7 days prior to trial.

    It is recommended that depositions of all witnesses, especially experts, be taken for trial purposes. The unavailability of a witness will not be grounds for a delay or adjournment of trial.

12. Each party will submit, in writing, all proposed jury instructions, a verdict form, and all proposed voir dire questions to the court at least 5 business days prior to trial. Each requested instruction must be set forth in full and on a separate page from other instructions. *A failure to timely file same shall constitute a waiver of jury trial by the party not timely filing same.*

13. NON JURY/JURY TRIAL WILL COMMENCE AT 9:00 /10:30 A..M. on _____, 20___. Trial is anticipated to last _____ days. THIS IS THE ONLY TRIAL NOTICE YOU WILL RECEIVE.

14. No extensions of time shall be allowed except by order of this court and upon showing of good cause. INFORMAL AGREEMENTS BETWEEN COUNSEL WILL BE DISREGARDED BY THE COURT.

15. If a party has not been served with process at the time this order is issued, the party serving such party shall, as soon as possible, serve a copy of this order with process upon such party and provide the court with a proof of such service. EACH PARTY HEREAFTER SERVED, WHETHER NOW A PARTY OR HEREAFTER ADDED AS A PARTY, SHALL BE BOUND BY THIS ORDER UNLESS, WITHIN 28 DAYS OF SUCH SERVICE, A MOTION FOR RELIEF THEREFROM IS FILED AND NOTICED FOR HEARING FOR THE THEN EARLIEST POSSIBLE DATE.

16. PARTIES HAVE CHOSEN FACILITATION WHICH IS TO BE COMPLETED BY 1*/18.

    *A SECOND PRE-TRIAL IS SCHEDULED 4/10/17 @ 8:30AM

Dated: 12-12-16

ANNA MARIE ANZALONE, Circuit Judge

I hereby acknowledge receipt of a true copy of the above Scheduling Conference Order.

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)

JONATHAN ENDERS (P55246)
Melvin Alberry (P62108)
Ryan Winters (P57405)
(P31213)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

       Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
And, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership,

       Defendants.

Civil Action
No. 16-5555-CZ

Hon. Anna Marie Anzalone

_____ /

| **COURTNEY E. MORGAN, JR. (P29137)** | **DAVID J. HOUSTON (P30448)** |
|---|---|
| **BRIAN T. KECK (P77668)** | Dickinson Wright PLLC |
| Morgan & Meyers, PLC | Attorneys for Defendant Lenawee Stamping |
| Attorneys for Plaintiff | 215 S. Washington Sq., Ste. 200 |
| 3200 Greenfield, Ste. 260 | Lansing, MI  48933 |
| Dearborn, MI  48120 | (517) 371-1730 |
| (313) 961-0130/(313) 961-8178 (fax) | dhouston@dickinsonwright.com |
| cmorgan@morganmeyers.com | |
| bkeck@morganmeyers.com | |

1

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee Stamping
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180/(517) 263-6880 (fax)
rainslaw@frontier.com

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorney for Defendant PILZ Automation
Safety, L.P.
One Towne Square, Ste. 1060
Southfield, MI 48076
(248) 350-6173/(314) 682-1469 (fax)
James.Hicks@cna.com
michael.o'malley@cna.com

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (p69217)**
Wilson Elser Moskowitz Edelman & Dicker LLP
        Attorneys for Defendants WEMO
        International, BV, and WEMO
        Nederland, BV
17197 N. Laurel Park Driver, Suite 201
Livonia, MI 48152
(313) 327-3100/(313)327-3101 (fax)
john.eads@wilsonelser.com
Jeffrey.hart@wilsonelser.com

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLC and
Fortress Interlocks
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440/(248) 593-7920 (fax)
danderson@wardanderson.com

**PHILIP S. HEEBSH (P66258)**
Roetzel & Andress, LPA
Attorney for Defendants Troax, Inc., and
Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH 43604
(419) 254-5277/(419) 242-0316 (fax)
pheebsh@ralaw.com

_____/

## ORDER OF DISMISSAL

**DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S REQUEST FOR RULING ON MOTION FOR SUMMARY DISPOSITION** was heard before the Honorable Anna Marie Anzalone on **_Friday, January 12, 2018, at 8:30 a.m._** Defendants' Motion is hereby GRANTED, and Defendants are dismissed from the above captioned case with prejudice.

Respectfully submitted,

*Philip S. Heebsh*

**Proof of Service**

I certify that the foregoing document was served on all parties in this case to each of the attorneys of record at their respective addresses as disclosed on the pleadings in this case on February 9, 2018 by:

Philip S. Heebsh (P66258)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

ATTORNEY FOR DEFENDANTS
TROAX, INC. AND TROAX NORDIC AB

[X] U.S. Mail          [ ] Fax
[ ] Hand Delivery      [ ] UPS Overnight
[ ] Federal Express    [ ] Email
[ ] Other

Signature:  *Philip S. Heebsh*

DATED:

3

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

      Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
And, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership,

      Defendants.

Civil Action
No. 16-5555-CZ

Hon. Anna Marie Anzalone

_____/

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)** | **DAVID J. HOUSTON (P30448)** |
| **BRIAN T. KECK (P77668)** | Dickinson Wright PLLC |
| Morgan & Meyers, PLC | Attorneys for Defendant Lenawee Stamping |
| Attorneys for Plaintiff | 215 S. Washington Sq., Ste. 200 |
| 3200 Greenfield, Ste. 260 | Lansing, MI  48933 |
| Dearborn, MI  48120 | (517) 371-1730 |
| (313) 961-0130/(313) 961-8178 (fax) | dhouston@dickinsonwright.com |
| cmorgan@morganmeyers.com | |
| bkeck@morganmeyers.com | |

1

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee Stamping
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180/(517) 263-6880 (fax)
rainslaw@frontier.com

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorney for Defendant PILZ Automation
Safety, L.P.
One Towne Square, Ste. 1060
Southfield, MI 48076
(248) 350-6173/(314) 682-1469 (fax)
James.Hicks@cna.com
michael.o'malley@cna.com

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (p69217)**
Wilson Elser Moskowitz Edelman & Dicker LLP
       Attorneys for Defendants WEMO
       International, BV, and WEMO
       Nederland, BV
17197 N. Laurel Park Driver, Suite 201
Livonia, MI 48152
(313) 327-3100/(313)327-3101 (fax)
john.eads@wilsonelser.com
Jeffrey.hart@wilsonelser.com

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLC and
Fortress Interlocks
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440/(248) 593-7920 (fax)
danderson@wardanderson.com

**PHILIP S. HEEBSH (P66258)**
Roetzel & Andress, LPA
Attorney for Defendants Troax, Inc., and
Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH 43604
(419) 254-5277/(419) 242-0316 (fax)
pheebsh@ralaw.com

_____/

## NOTICE OF DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S DISMISSAL

PLEASE TAKE NOTICE that **DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S MOTION FOR SUMMARY DISPOSITION HAS BEEN GRANTED,** as of January 12, 2018, and Defendants are dismissed from this case with prejudice.

Respectfully submitted,

*Philip S. Heebsh*

Philip S. Heebsh (P66258)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

**Proof of Service**
I certify that the foregoing document was
served on all parties in this case to each of the
attorneys of record at their respective addresses
as disclosed on the pleadings in this case on
February 9, 2018 by:

[X] U.S. Mail          [ ] Fax
[ ] Hand Delivery     [ ] UPS Overnight
[ ] Federal Express   [ ] Email
[ ] Other

Signature: *Philip S. Heebsh*

DATED:

ATTORNEY FOR DEFENDANTS
TROAX, INC. AND TROAX NORDIC AB

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

        Plaintiffs,

v.

                                    Civil Action No. 16-5555-CZ

                                    Hon. Anna M. Anzalone

LENAWEE STAMPING CORPORATION, a domestic
profit corporation, WEMO NEDERLAND B.V., a
Netherland corporation, WEMO INTERNATIONAL B.V.,
a Netherland corporation, WEMO-USA, LLC, a foreign
profit corporation, JOHN DOE (fence manufacturer),
TROAX NORDIC AB, a Swedish corporation, TROAX,
INC., a foreign profit corporation, MECCO
ENGINEERING CORPORATION, a Canadian
corporation, HALMA PLC, a British public limited
company, FORTRESS INTERLOCKS LIMITED, a British
corporation and subsidiary of HALMA PLC, FORTRESS
INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED
PARTNERSHIP, a domestic limited partnership, and
CAMBRIDGE RIGGING, a Canadian corporation,



FILED
39TH CIRCUIT COURT
APR 3 0 2018
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

        Defendants.

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130

**DAVID J. HOUSTON (P30448)**
**NOLAN J. MOODY (P77959)**
Dickinson Wright PLLC
Attorneys for Defendant Lenawee Stamping
  Corporation
215 S. Washington Square, Suite 200
Lansing, MI 48933

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee
  Stamping Corporation
217 E. Front Street, Apt. 1
Adrian, MI 49221
(517) 263-6180

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLLC
  and Fortress Interlocks
4190 Telegraph Road, Suite 2300
Bloomfield Hills, MI 48302
(248) 593-1440

(517) 371-1730

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorneys for Defendant Pilz
  Automation Safety, L.P.
One Towne Square, Suite 1060
Southfield, MI 48076
(248) 350-6173

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (P69217)**
Wilson Elser Moskowitz Edelman & Dicker,
LLP
Attorneys for Defendants WEMO
  Nederland B.V., WEMO International
  B.V., and WEMO-USA, LLC
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100

_____/

## ORDER DENYING DEFENDANTS WEMO NEDERLAND B.V. AND WEMO INTERNATIONAL B.V.'S AMENDED MOTION FOR SANCTIONS AGAINST LENAWEE STAMPING CORPORATION FOR SPOLIATION OF EVIDENCE

At a session of said Court, held in the City of Adrian,
County of Lenawee, State of Michigan,
on the 16th day of April 2018.

PRESENT: _____

Honorable Anna M. Anzalone
Circuit Court Judge

This matter comes before the Court upon Defendants WEMO Nederland B.V. And WEMO International B.V.'S (collectively, "WEMO") Amended Motion For Sanctions Against Lenawee Stamping Corporation ("LSC") For Spoliation of Evidence filed on March 5, 2018 ("WEMO's Motion"); the Court having reviewed the parties' filings regarding the same; the Court having heard the oral argument of counsel of Monday, April 16, 2018; and the Court otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that WEMO's Motion is DENIED for the reasons stated on the record.

This order does not resolve the last pending claim in this case and does not close the case.

IT IS SO ORDERED.

/s/ Anna Marie Anzalone

Honorable Anna M. Anzalone
Circuit Judge   APR 3 0 2018

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

        Plaintiffs,

v.

LENAWEE STAMPING CORPORATION, a domestic
profit corporation, WEMO NEDERLAND B.V., a
Netherland corporation, WEMO INTERNATIONAL B.V.,
a Netherland corporation, WEMO-USA, LLC, a foreign
profit corporation, JOHN DOE (fence manufacturer),
TROAX NORDIC AB, a Swedish corporation, TROAX,
INC., a foreign profit corporation, MECCO
ENGINEERING CORPORATION, a Canadian
corporation, HALMA PLC, a British public limited
company, FORTRESS INTERLOCKS LIMITED, a British
corporation and subsidiary of HALMA PLC, FORTRESS
INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
PILZ AUTOMATION SAFETY, LIMITED
PARTNERSHIP, a domestic limited partnership, and
CAMBRIDGE RIGGING, a Canadian corporation,

        Defendants.

Civil Action No. 16-5555-CZ

Hon. Anna M. Anzalone



FILED
39TH CIRCUIT COURT
APR 3 0 2018
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)** | **LOWRY M. RAINS (P55246)** |
| **BRIAN T. KECK (P77668)** | Rains & Rains |
| Morgan & Meyers, PLC | Co-Counsel for Defendant Lenawee |
| Attorneys for Plaintiffs |   Stamping Corporation |
| 3200 Greenfield, Suite 260 | 217 E. Front Street, Apt. 1 |
| Dearborn, MI 48120 | Adrian, MI 49221 |
| (313) 961-0130 | (517) 263-6180 |
| | |
| **DAVID J. HOUSTON (P30448)** | **DAVID S. ANDERSON (P31213)** |
| **NOLAN J. MOODY (P77959)** | Ward, Anderson, Porritt, Bryant & Lord |
| Dickinson Wright PLLC | Attorneys for Defendants Halma PLLC |
| Attorneys for Defendant Lenawee Stamping |   and Fortress Interlocks |
|   Corporation | 4190 Telegraph Road, Suite 2300 |
| 215 S. Washington Square, Suite 200 | Bloomfield Hills, MI 48302 |
| Lansing, MI 48933 | (248) 593-1440 |

(517) 371-1730

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorneys for Defendant Pilz
   Automation Safety, L.P.
One Towne Square, Suite 1060
Southfield, MI 48076
(248) 350-6173

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (P69217)**
Wilson Elser Moskowitz Edelman & Dicker,
   LLP
Attorneys for Defendants WEMO
   Nederland B.V., WEMO International
   B.V., and WEMO-USA, LLC
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100

_____/

## ORDER GRANTING LENAWEE STAMPING CORPORATION'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO MCR 2.116(C)(8)

At a session of said Court, held in the City of Adrian,
County of Lenawee, State of Michigan,
on the 16th day of April 2018.

PRESENT: _____

Honorable Anna M. Anzalone
Circuit Court Judge

This matter comes before the Court upon Defendant Lenawee Stamping Corporation's Motion to Dismiss Plaintiffs' Third Amended Complaint Pursuant to MCR 2.116(C)(8) filed on March 26, 2018 ("LSC's Motion"); the Court having reviewed the parties' filings regarding the same; the Court having heard the oral argument of counsel of Monday, April 16, 2018; and the Court otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that LSC's Motion is GRANTED, and Plaintiffs' Third Amended Complaint is dismissed with prejudice as it pertains to LSC.

This order does not resolve all pending claims as to other parties in this case and does not close the case.

**IT IS SO ORDERED**.

/s/ Anna Marie Anzalone

Honorable Anna M. Anzalone
Circuit Judge   APR 3 0 2018

Approved, SCAO

Original - Court file
1st copy - Defendant    3rd copy - Opposing party
2nd copy - Friend of the Court/Extra    4th copy - Moving party

| STATE OF MICHIGAN<br>39TH JUDICIAL CIRCUIT<br>JUDICIAL DISTRICT<br>LENAWEE COUNTY | ORDER | CASE NO.<br>16-165555-CZ-A |
|---|---|---|

| Court Address    425 NORTH MAIN<br>JUDICIAL BUILDING<br>ADRIAN, MI 49221 | Court Telephone no.<br>517-264-4597 |
|---|---|

| Plaintiff name(s), address(es), and telephone no(s).<br>TATE NORDEN | | Defendant name(s), address(es), and telephone no(s).<br>LENAWEE STAMPING CORP<br>C/O JAMES A SCHRIEMER, RES AGT<br>350 S MAIN ST, STE 400<br>ANN ARBOR, MI 48104 |
|---|---|---|
| | v | |
| Plaintiff's attorney, bar no., address, telephone no.<br>COURTNEY E. MORGAN JR. P-29137<br>3200 GREENFIELD RD<br>STE 260<br>DEARBORN, MI 48120<br>313-961-0130 | | Defendant's attorney, bar no., address, telephone no.<br>DAVID J. HOUSTON P-30448<br>215 S WASHINGTON SQ<br>STE 200<br>LANSING, MI 48933<br>517-487-4777 |

1. Motion title: EMERGENCY MOT FOR RECONSIDERATION OF ORDER GRANTING WEMOS *MOTION FOR PROTECTIVE ORDER*

2. Moving party: ~~LENAWEE STAMPING CORP~~ *WEMO*

3. This motion was heard by the Honorable ANNA MARIE ANZALONE on _____
   Date

☐ 4. For the reasons stated on the record.


**THE COURT ORDERS** that the above-named motion is    ☐ granted.
☐ granted in part, denied in part.
☒ denied.

☐ The court further orders

FILED
39TH CIRCUIT COURT

OCT 1 8 2018

LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

STATE OF MICHIGAN)
COUNTY OF LENAWEE)

I hereby certify that on the 17 day of OCT
I served a copy of Order upon the
following persons at their last known address
by mailing a copy regular mail, postage fully
prepaid C. Morgan, D. Houston, Fisk, Eads

Signed: B Morse

10-17-18
Date

Judge ANNA MARIE ANZALONE

63267
Bar No.

MC 327 (6/17)    ORDER

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

      Plaintiffs,

v

~~LENAWEE STAMPING CORPORATION, a Domestic Profit Corporation~~, WEMO NEDERLAND B.V., a Netherland Corporation, WEMO INTERNATIONAL B.V., a Netherland Corporation, ~~WEMO USA, LLC, a Foreign Profit Corporation~~, ~~JOHN DOE (Fence Manufacturer)~~, ~~TROAX NORDIC AB, a Swedish Corporation~~, ~~TROAX, INC., a Foreign Profit Corporation~~, ~~MECCO ENGINEERING CORPORATION, a Canadian Corporation~~, HALMA PLC, a British public limited Corporation, FORTRESS INTERLOCKS LIMITED, a British Corporation and subsidiary of HALMA PLC, FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP, a Domestic Limited Partnership, and ~~CAMBRIDGE RIGGING, a Canadian Corporation~~

      Defendants.

HON. ANNA MARIE ANZALONE
CASE NO. 16-5555-CZ

FILED
39TH CIRCUIT COURT

SEP 2 0 2018

LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

MORGAN & MEYERS, PLC
COURTNEY E. MORGAN, JR. (P-29137)
BRIAN T. KECK (P77668)
Attorneys for Plaintiffs
3200 Greenfield, Ste 260
Dearborn, MI 48120
(313) 961-0130; 961-8178 Fax
cmorgan@morganmeyers.com

JAMES M. HICKS (P42699)
MICHAEL C. O'MALLEY (P59108)
Law Office of James M. Hicks
Attorney for Defendant, PILZ
One Towne Square, Ste. 1060
Southfield, MI  48076
(248) 350-6173; (314) 682-1469 Fax
James.Hicks@cna.com

WARD, ANDERSON, PORRITT,
BRYANT & LORD
DAVID S. ANDERSON (P-31213)
Attorney for Defendants,
HALMA PLC, FORTRESS INTERLOCKS LTD. &
FORTRESS INTERLOCKS AMERICA
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440; 593-7920 Fax
danderson@wardanderson.com

JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP
Attorneys for Defendants,
WEMO International & WEMO Nederlands
17197 N. Laurel Park Dr., Ste. 201
Livonia, MI  48152
(313) 327-3100; 327-3101 Fax

john.eads@wilsonelser.com
jeffrey.hart@wilsonelser.com

## STIPULATION AND ORDER TO EXTEND DISCOVERY
## AND OTHER SCHEDULING DATES

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel, that the discovery, dispositive motion and facilitation dates are extended for 120 days.

_Courtney Morgan_ *w/ consent
COURTNEY E. MORGAN, JR. (P29137)
Attorney for Plaintiffs

_David S. Anderson_
DAVID S. ANDERSON (P31213)
Attorney for Defendants,
HALMA PLC, FORTRESS INTERLOCKS LTD.
& FORTRESS INTERLOCKS AMERICA

_James Hicks_ *w/ consent
JAMES M. HICKS (P42699)
Attorney for Defendant, PILZ

_Jeffrey C. Hart_ *w/ consent
JEFFREY C. HART (P69217)
Attorneys for Defendants,
WEMO International & WEMO
Nederlands

## ORDER TO EXTEND DISCOVERY AND OTHER SCHEDULING DATES

At a session of said Court held in the City of Adrian, County of Lenawee, State of Michigan on:

_____

PRESENT:  HONORABLE _____
                              CIRCUIT COURT JUDGE

Upon reading and filing the foregoing Stipulation, and the Court being otherwise fully advised in the premises;

2

IT IS HEREBY ORDERED AND ADJUDGED the discovery, dispositive motion and facilitation dates are extended for 120 days.

/s/ Anna Marie Anzalone

CIRCUIT COURT JUDGE

SEP 2 0 2018

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

    Plaintiffs,

HON. ANNA MARIE ANZALONE
CASE NO. 16-5555-CZ

v

LENAWEE STAMPING CORPORATION, a Domestic
Profit Corporation, WEMO NEDERLAND B.V., a Netherland
Corporation, WEMO INTERNATIONAL B.V., a Netherland
Corporation, ~~WEMO USA, LLC, a Foreign Profit Corporation~~,
JOHN DOE (Fence Manufacturer), ~~TROAX NORDIC AB, a
Swedish Corporation, TROAX, INC., a Foreign Profit Corporation~~,
MECCO ENGINEERING CORPORATION, a Canadian Corporation,
HALMA PLC, a British public limited Corporation, FORTRESS
INTERLOCKS LIMITED, a British Corporation and subsidiary of
HALMA PLC, FORTRESS INTERLOCKS AMERICA, a subsidiary of
HALMA PLC, ~~PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP~~,
a Domestic Limited Partnership, and ~~CAMBRIDGE RIGGING~~,
~~a Canadian Corporation~~

FILED
39TH CIRCUIT COURT

JUN 2 6 2018

LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

    Defendants.

_____/

MORGAN & MEYERS, PLC
COURTNEY E. MORGAN, JR. (P-29137)
BRIAN T. KECK (P77668)
Attorneys for Plaintiffs
3200 Greenfield, Ste 260
Dearborn, MI 48120
(313) 961-0130; 961-8178 Fax
cmorgan@morganmeyers.com

DICKINSON WRIGHT PLLC
DAVID J. HOUSTON (P30448)
Attorneys for Defendant, LENAWEE
215 S. Washington Sq., Ste. 200
Lansing, MI 48933
(517) 371-1730
dhouston@dickinsonwright.com

WARD, ANDERSON, PORRITT,
BRYANT & LORD
DAVID S. ANDERSON (P-31213)
Attorney for Defendants,
HALMA PLC, FORTRESS INTERLOCKS LTD. &
FORTRESS INTERLOCKS AMERICA
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440; 593-7920 Fax
danderson@wardanderson.com

RAINS & RAINS
LOWRY M. RAINS (P55246)
Co-Counsel for Defendant, LENAWEE
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180; 263-6680 Fax
rainslaw@frontier.com

_____ /

## STIPULATION TO ALLOW DEFENDANTS, HALMA, PLC, FORTRESS INTERLOCKS LIMITED AND FORTRESS INTERLOCKS AMERICA TO FILE NOTICE OF NON-PARTY FAULT

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel, that Defendants, HALMA, PLC, FORTRESS INTERLOCKS LIMITED and FORTRESS INTERLOCKS AMERICA shall file their Notice of Non-Party Fault dated May 15, 2018.

_____  *w/consent
BRIAN T. KECK (P77668)
Attorney for Plaintiff

_____
DAVID S. ANDERSON (P31213)
Attorney for Defendant

## ORDER TO ALLOW DEFENDANTS, HALMA, PLC, FORTRESS INTERLOCKS LIMITED AND FORTRESS INTERLOCKS AMERICA TO FILE NOTICE OF NON-PARTY FAULT

At a session of said Court held in the City of Adrian, County of Lenawee, State of Michigan on:

_____

PRESENT:  HONORABLE _____
CIRCUIT COURT JUDGE

Upon reading and filing the foregoing Stipulation, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that Defendants, HALMA, PLC, FORTRESS INTERLOCKS LIMITED and FORTRESS INTERLOCKS AMERICA shall file their Notice of Non-Party Fault dated May 15, 2018.

/s/ Anna Marie Anzalone

CIRCUIT COURT JUDGE

JUN 2 6 2018

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

      Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
And, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership,

      Defendants.

Civil Action
No. 16-5555-CZ

Hon. Anna Marie Anzalone

FILED
39TH CIRCUIT COURT
FEB 2 7 2018
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI  48120
(313) 961-0130/(313) 961-8178 (fax)
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

**DAVID J. HOUSTON (P30448)**
Dickinson Wright PLLC
Attorneys for Defendant Lenawee Stamping
215 S. Washington Sq., Ste. 200
Lansing, MI  48933
(517) 371-1730
dhouston@dickinsonwright.com

1

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee Stamping
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180/(517) 263-6880 (fax)
rainslaw@frontier.com

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorney for Defendant PILZ Automation
Safety, L.P.
One Towne Square, Ste. 1060
Southfield, MI 48076
(248) 350-6173/(314) 682-1469 (fax)
James.Hicks@cna.com
michael.o'malley@cna.com

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (p69217)**
Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Defendants WEMO
International, BV, and WEMO
Nederland, BV
17197 N. Laurel Park Driver, Suite 201
Livonia, MI 48152
(313) 327-3100/(313)327-3101 (fax)
john.eads@wilsonelser.com
Jeffrey.hart@wilsonelser.com

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLC and
Fortress Interlocks
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440/(248) 593-7920 (fax)
danderson@wardanderson.com

**PHILIP S. HEEBSH (P66258)**
Roetzel & Andress, LPA
Attorney for Defendants Troax, Inc., and
Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH 43604
(419) 254-5277/(419) 242-0316 (fax)
pheebsh@ralaw.com

_____/

## NOTICE OF DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S DISMISSAL

PLEASE TAKE NOTICE that **DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S MOTION FOR SUMMARY DISPOSITION HAS BEEN GRANTED,** as of January 12, 2018, and Defendants are dismissed from this case with prejudice.

Respectfully submitted,

*Philip S. Heebsh*

Philip S. Heebsh (P66258)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

**Proof of Service**
I certify that the foregoing document was
served on all parties in this case to each of the
attorneys of record at their respective addresses
as disclosed on the pleadings in this case on
February 9, 2018 by:

[X] U.S. Mail          [ ] Fax
[ ] Hand Delivery      [ ] UPS Overnight
[ ] Federal Express    [ ] Email
[ ] Other

Signature: *Philip S. Heebsh*

DATED:

ATTORNEY FOR DEFENDANTS
TROAX, INC. AND TROAX NORDIC AB

3

12271540 _1 135645.0001

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

       Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
And, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership,

       Defendants.

Civil Action
No. 16-5555-CZ

Hon. Anna Marie Anzalone

_____/

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)** | **DAVID J. HOUSTON (P30448)** |
| **BRIAN T. KECK (P77668)** | Dickinson Wright PLLC |
| Morgan & Meyers, PLC | Attorneys for Defendant Lenawee Stamping |
| Attorneys for Plaintiff | 215 S. Washington Sq., Ste. 200 |
| 3200 Greenfield, Ste. 260 | Lansing, MI 48933 |
| Dearborn, MI 48120 | (517) 371-1730 |
| (313) 961-0130/(313) 961-8178 (fax) | dhouston@dickinsonwright.com |
| cmorgan@morganmeyers.com | |
| bkeck@morganmeyers.com | |

1

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee Stamping
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180/(517) 263-6880 (fax)
rainslaw@frontier.com

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorney for Defendant PILZ Automation
Safety, L.P.
One Towne Square, Ste. 1060
Southfield, MI  48076
(248) 350-6173/(314) 682-1469 (fax)
James.Hicks@cna.com
michael.o'malley@cna.com

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (p69217)**
Wilson Elser Moskowitz Edelman & Dicker LLP
        Attorneys for Defendants WEMO
        International, BV, and WEMO
        Nederland, BV
17197 N. Laurel Park Driver, Suite 201
Livonia, MI 48152
(313) 327-3100/(313)327-3101 (fax)
john.eads@wilsonelser.com
Jeffrey.hart@wilsonelser.com

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLC and
Fortress Interlocks
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI  48302
(248) 593-1440/(248) 593-7920 (fax)
danderson@wardanderson.com

**PHILIP S. HEEBSH (P66258)**
Roetzel & Andress, LPA
Attorney for Defendants Troax, Inc., and
Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH  43604
(419) 254-5277/(419) 242-0316 (fax)
pheebsh@ralaw.com

_____/

## ORDER OF DISMISSAL

**DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S REQUEST FOR RULING ON MOTION FOR SUMMARY DISPOSITION** was heard before the Honorable Anna Marie Anzalone on ***Friday, January 12, 2018, at 8:30 a.m.*** Defendants' Motion is hereby GRANTED, and Defendants are dismissed from the above captioned case with prejudice.

Respectfully submitted,

*Philip S. Heebsh*

Philip S. Heebsh (P66258)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

**Proof of Service**
I certify that the foregoing document was
served on all parties in this case to each of the
attorneys of record at their respective addresses
as disclosed on the pleadings in this case on
February 9, 2018 by:

[X] U.S. Mail          [ ] Fax
[ ] Hand Delivery      [ ] UPS Overnight
[ ] Federal Express    [ ] Email
[ ] Other

ATTORNEY FOR DEFENDANTS
TROAX, INC. AND TROAX NORDIC AB

Signature: *Philip S. Heebsh*

DATED:

3

12271499 _1 135645.0001

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

      Plaintiffs,

v.

LENAWEE STAMPING CORPORATION,
a Domestic Profit Corporation,
WEMO NEDERLAND B.V.,
a Netherland corporation,
WEMO INTERNATIONAL B.V.,
A Netherland corporation,
JOHN DOE (Fence Manufacturer),
TROAX NORDIC AB, a Swedish corporation,
TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian corporation,
HALMA PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a British corporation and
subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a subsidiary of HALMA PLC,
And, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership,

      Defendants.

Civil Action
No. 16-5555-CZ

Hon. Anna Marie Anzalone

_____/

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)** | **DAVID J. HOUSTON (P30448)** |
| **BRIAN T. KECK (P77668)** | Dickinson Wright PLLC |
| Morgan & Meyers, PLC | Attorneys for Defendant Lenawee Stamping |
| Attorneys for Plaintiff | 215 S. Washington Sq., Ste. 200 |
| 3200 Greenfield, Ste. 260 | Lansing, MI 48933 |
| Dearborn, MI 48120 | (517) 371-1730 |
| (313) 961-0130/(313) 961-8178 (fax) | dhouston@dickinsonwright.com |
| cmorgan@morganmeyers.com | |
| bkeck@morganmeyers.com | |

1

**LOWRY M. RAINS (P55246)**
Rains & Rains
Co-Counsel for Defendant Lenawee Stamping
217 E. Front St., Apt. 1
Adrian, MI 49221
(517) 263-6180/(517) 263-6880 (fax)
rainslaw@frontier.com

**JAMES M. HICKS (P42699)**
**MICHAEL C. O'MALLEY (P59108)**
Law Office of James M. Hicks
Attorney for Defendant PILZ Automation
Safety, L.P.
One Towne Square, Ste. 1060
Southfield, MI 48076
(248) 350-6173/(314) 682-1469 (fax)
James.Hicks@cna.com
michael.o'malley@cna.com

**JOHN T. EADS, III (P43815)**
**JEFFREY C. HART (p69217)**
Wilson Elser Moskowitz Edelman & Dicker LLP
        Attorneys for Defendants WEMO
        International, BV, and WEMO
        Nederland, BV
17197 N. Laurel Park Driver, Suite 201
Livonia, MI 48152
(313) 327-3100/(313)327-3101 (fax)
john.eads@wilsonelser.com
Jeffrey.hart@wilsonelser.com
_____/

**DAVID S. ANDERSON (P31213)**
Ward, Anderson, Porritt, Bryant & Lord
Attorneys for Defendants Halma PLC and
Fortress Interlocks
4190 Telegraph Rd., Ste. 2300
Bloomfield Hills, MI 48302
(248) 593-1440/(248) 593-7920 (fax)
danderson@wardanderson.com

**PHILIP S. HEEBSH (P66258)**
Roetzel & Andress, LPA
Attorney for Defendants Troax, Inc., and
Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH 43604
(419) 254-5277/(419) 242-0316 (fax)
pheebsh@ralaw.com

## ORDER OF DISMISSAL

**DEFENDANTS TROAX, INC. AND TROAX NORDIC AB'S REQUEST FOR RULING ON MOTION FOR SUMMARY DISPOSITION** was heard before the Honorable Anna Marie Anzalone on ***Friday, January 12, 2018, at 8:30 a.m.*** Defendants' Motion is hereby GRANTED, and Defendants are dismissed from the above captioned case with prejudice.

Respectfully submitted,

*Philip S. Heebsh*

**Proof of Service**

I certify that the foregoing document was
served on all parties in this case to each of the
attorneys of record at their respective addresses
as disclosed on the pleadings in this case on
February 9, 2018 by:

Philip S. Heebsh (P66258)
pheebsh@ralaw.com
Roetzel & Andress, LPA
One SeaGate, Suite 1700
Toledo, OH 43604
Telephone: 419.254.5277
Facsimile: 419.242.0316

[X] U.S. Mail         [ ] Fax
[ ] Hand Delivery     [ ] UPS Overnight
[ ] Federal Express   [ ] Email
[ ] Other

**ATTORNEY FOR DEFENDANTS
TROAX, INC. AND TROAX NORDIC AB**

Signature: *Philip S. Heebsh*

DATED:

3

12271499 _1 135645.0001

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

NORDEN

                    Plaintiff(s)

vs                                                    Case No. 16-3555 CZ

LENAWEE STAMPING                          HONORABLE ANNA MARIE ANZALONE

                    Defendant(s)
_____/

PRE-TRIAL SCHEDULING ORDER

The Pre-Trial having been held on ___12-12-16___.

Present were:

_____        _____
Attorney(s) for Plaintiff(s)                     Attorney(s) for Defendant(s)

IT IS HEREBY ORDERED:

1.   All amendments to pleadings or amended pleadings must be filed at least 30/___ days before the date
     when discovery is to be completed.

2.   Discovery shall be completed on or before __Oct. 9, 2017__. No additional discovery
     will be permitted thereafter except on motion for good cause shown.  ALL DISCOVERY MUST BE
     COMPLETED BEFORE THE DEADLINE FOR MOTIONS PURSUANT TO MCR 2.116(C).

3.   On or before __July 3, 2017__ Plaintiff(s) shall file and exchange with other party/ies the
     names, area of expertise and a brief synopsis of expected testimony of each expert witness he will call.

     On or before __July 17, 2017__ Defendant(s) shall file and exchange with other counsel the names,
     area of expertise and a brief synopsis of expected testimony of each expert he will call.  Experts whose
     names are not filed and exchanged together with the area of expertise and brief synopsis of expected
     testimony shall not be permitted to testify except upon motion for good cause shown.

4.   Names of **all other witnesses** shall be filed with the court and exchanged with other party/ies and all
     exhibits shall be listed with the court and made available to the other party/ies no later than
     __July 17___ 20_17_.  Witnesses whose names are not so filed and exchanged shall not be
     permitted to testify except upon motion for good cause shown.  Exhibits not so listed and exchanged shall
     not be admitted except upon motion for good cause shown.

5.   All motions pursuant to MCR 2.116 (C) must be filed and heard at least thirty (30) days before case
     evaluation. By DECEMBER 18, 2017.

6.   An extra copy of each motion and response thereto, including supporting briefs, **SHALL BE PROVIDED
     DIRECTLY TO THE JUDGE** at the time of filing.  Motions under MCR 2.116(C)(10) must be filed at least 3
     weeks prior to hearing and responses thereto must be filed at least 1 week prior to hearing.  Sanctions will
     be invoked in case of failure to comply with this pre-trial provision.

7.   This matter will be case evaluated January / April / July / October of 20__.  No attorney shall disclose to

case evaluator(s) the status of negotiations or amount of any settlement offer(s) absent a request by the case evaluator(s) without objection by any party.

8. The pre-trial conference is continued to _FEB 12, 2018_, at _9:00_ .M. The parties and the attorney for each party who will be the chief attorney trying the case shall be present. Each insurance company involved shall have personally present a representative with ultimate settlement authority. A corporate party must have personally present a corporate officer or employee with full authority to settle the case and with knowledge of the facts. THIS IS THE ONLY PRE-TRIAL NOTICE THAT YOU WILL RECEIVE.

9. At the pre-trial conference, counsel will be expected to be prepared to discuss settlement, trial procedures, proposed jury instructions, if applicable, and use of depositions and exhibits.

10. Attorneys shall cause all exhibits to be marked by the court recorder at least 2 business days prior to trial.

11. All depositions shall be completed at least 21 days prior to trial. All objections to deposition testimony and/or all motions in limine shall be deemed waived unless noticed and heard at least 7 days prior to trial.

    It is recommended that depositions of all witnesses, especially experts, be taken for trial purposes. The unavailability of a witness will not be grounds for a delay or adjournment of trial.

12. Each party will submit, in writing, all proposed jury instructions, a verdict form, and all proposed voir dire questions to the court at least 5 business days prior to trial. Each requested instruction must be set forth in full and on a separate page from other instructions. A failure to timely file same shall constitute a waiver of jury trial by the party not timely filing same.

13. NON JURY/JURY TRIAL WILL COMMENCE AT 9:00 /10:30 A..M. on _____, 20___. Trial is anticipated to last _____ days. THIS IS THE ONLY TRIAL NOTICE YOU WILL RECEIVE.

14. No extensions of time shall be allowed except by order of this court and upon showing of good cause. INFORMAL AGREEMENTS BETWEEN COUNSEL WILL BE DISREGARDED BY THE COURT.

15. If a party has not been served with process at the time this order is issued, the party serving such party shall, as soon as possible, serve a copy of this order with process upon such party and provide the court with a proof of such service. EACH PARTY HEREAFTER SERVED, WHETHER NOW A PARTY OR HEREAFTER ADDED AS A PARTY, SHALL BE BOUND BY THIS ORDER UNLESS, WITHIN 28 DAYS OF SUCH SERVICE, A MOTION FOR RELIEF THEREFROM IS FILED AND NOTICED FOR HEARING FOR THE THEN EARLIEST POSSIBLE DATE.

16. _PARTIES HAVE CHOSEN FACILITATION WHICH IS TO BE COMPLETED BY 11*18._

    _* A SECOND PRE-TRIAL IS SCHEDULED 4/10/17 @ :30AM_

Dated: _12-13-16_

_____
ANNA MARIE ANZALONE, Circuit Judge

I hereby acknowledge receipt of a true copy of the above Scheduling Conference Order.

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

      Plaintiffs,

v

        CASE NO:  16-555-CZ
        HON.  Anna M. Anzalone

LENAWEE STAMPING CORPORATION, a
Domestic Profit Corporation, WEMO NEDERLAND
B.V., a Netherland Corporation, WEMO
INTERNATIONAL B.V., a Netherland Corporation,
WEMO-USA, LLC, a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer), TROAX
NORDIC AB, a Swedish Corporation, TROAX,
INC., a Foreign Profit corporation, MECCO
ENGINEERING CORPORATION, a Canadian
Corporation, HALMA PLC, a British Public Limited
Company, FORTRESS INTERLOCKS LIMITED, a
British Corporation and subsidiary of HALMA PLC,
FORTRESS INTERLOCKS AMERICA, a
subsidiary of HALMA PLC, PILZ AUTOMATION
SAFETY, LIMITED PARTNERSHIP, a Domestic
Limited Partnership, and CAMBRIDGE RIGGING,
a Canadian Corporation,

      Defendants.

_____ /

| | |
|---|---|
| **Courtney E. Morgan, Jr. (P29137)**<br>**Brian T. Keck (P77668)**<br>MORGAN & MEYERS, PLC<br>Attorney for Plaintiff<br>3200 Greenfield, Suite 260<br>Dearborn, MI 48120<br>(313) 961-0130<br>Fax (313) 961-8178<br>Email: cmorgan@morganmeyers.com<br>      bkeck@morganmeyers.com | **David J. Houston (P30448)**<br>DICKINSON WRIGHT PLLC<br>Attorney for Defendant<br> Lenawee Stamping Corporation<br>215 South Washington Square, Suite 200<br>Lansing, MI48933<br>(517) 371-1730<br>Fax (844) 670-6009<br>Email:  dhouston@dickinsonwright.com |
| **Michael C. O'Malley (P59108)**<br>LAW OFFICE OF JAMES M. HICKS<br>Attorney for Defendant PILZ Automations Safety, L.P.<br>One Towne Square, Suite 1060<br>Southfield, MI 48076<br>(248) 350-6173<br>Fax (314) 682-1469<br>Email:  michael.o'malley@cna.com | **Lowry M. Rains (P55246)**<br>RAINS & RAINS<br>Co-Counsel for Defendant<br> Lenawee Stamping Corporation<br>217 E. Front Street, Apt. 1<br>Adrian, MI48221<br>(517) 263-6180<br>Fax (517)-263-6880<br>Email: rainslaw@frontier.com |

**David S. Anderson (P31213)**
WARD, ANDERSON, PORRITT, BRYANT & LORD
Attorneys for Defendants Halma PLC
 and Fortress Interlocks
4190 Telegraph Road, Suite 2300
Bloomfield Hills, MI  48302
(248) 593-1440
Fax (248) 593-7920
Email: danderson@wardanderson.com

**Philip S. Heebsh (0075547)**
ROETZEL & ANDRESS, LPA
Attorney for Defendants Troax, Inc.
 and Troax Nordic AB
One SeaGate, Suite 1700
Toledo, OH  43604
(419) 254-5277
Fax (419) 242-0316
Email: pheebsh@ralaw.com

**John T. Eads, III (P43815)**
**Jeffrey C. Hart (P69217)**
WILSON ELSER MOSKOWITZ EDELMAN
 & DICKER, LLP
Attorneys for Defendant WEMO-USA, LLC
17197 N. Laurel Park Drive, Suite 201
Livonia, MI  48152
(313) 327-3100
Fax (313) 327-3101
Email: jeffrey.hart@wilsonelser.com

**J. Kevin Winters (P59405)**
JK.WINTERS, P.C.
Attorney for Defendant Cambridge Rigging
411 West Lake Lansing Road, Suite B-125
East Lansing, MI  48823
(517) 908-3370
Fax (517) 908-3388
Email: kwinters@winterspc.com

## PRETRIAL STATEMENT OF PILZ AUTOMATION SAFETY, LP

### 1.  BRIEF STATEMENT OF THEORY OF CASE:

Defendant Pilz Automation Safety, LP, has no liability in this matter.  Any product manufactured by this Defendant complied with all applicable standards at the time that it left the control of Pilz Automation Safety, LP, and any alleged defects were the result of subsequent changes to the product, failure of proper maintenance or operation, failure to follow good and safe operating procedures, and/or misuse of the product.  Further, any product of this Defendant may have been manufactured, installed, distributed, or sold according to the specifications of others and that the end user of any product possesses special knowledge pertaining the attributes of the acceptable use of the product.  Further, Plaintiff and/or any subsequent users of the Defendant's product failed to heed instructions, notices and warnings on the safe operation of the product.

### 2.  REQUESTED ADMISSIONS OF FACT:

- Defendant, Pilz Automation Safety, LP, would ask for an admission that its product was a component product that was modified for use by others and that it was not unreasonably dangerous when it left the control of Defendant and that there was no safer, practical, or

2

technically feasible alternative production of any product which would have prevented the harm without significantly impairing the usefulness or desirability and it is recognized by a person with the ordinary knowledge common to the community.

- Defendant would ask for an admission that its product was not the cause of Plaintiff's injuries and that any injuries were due to misuse or modification of the product.

- Defendant may ask for an admission that the product was sold under contract and that the terms of the contract apply for purposes of indemnification and/or limitations of liability.

3. **REQUESTED STIPULATIONS:**

- Defendant will likely request a stipulation as to the authenticity of records.

- Defendant will likely request a stipulation as to the terms of any contract of sale of its product(s).

4. **TIME REQUESTED TO COMPLETE DISCOVERY:   180  Days**

5. **ESTIMATED TIME REQUIRED FOR TRIAL:  15  Days   X   Jury**

6. **SETTLEMENT POSSIBILITY:**  Settlement is possible; but, significantly more information is needed by this Defendant before any meaningful discussion can be had.

7. **ALL CLAIMS ARISING OUT OF THE TRANSACTION OR OCCURRENCE THAT IS THE SUBJECT MATTER HAVE BEEN JOINED AS REQUIRED BY MCR 3.203:**
      ____YES _____NO – Defendant has no understanding of which of its products or services may have been involved in the subject incident.  Without knowledge of the specific product and/or sale, it is conceivable that the sale of the product may have been subject to contractual indemnification.  If so, then Defendant would have a potential cross-claim against one of the defendants and/or a third-party; depending on the chain of custody.

8. **OTHER MATTERS:**

Defendant has need of an inspection of the subject equipment and identification (by part number and serial number) of any of its product that was allegedly involved in this incident.

LAW OFFICE OF JAMES M. HICKS

BY: _____

Michael C. O'Malley (P59108)
Attorney for Defendant Pilz Automation Safety,
One Towne Square, Suite 1060
Southfield, MI 48076
(248) 350-6173

DATED: October 13, 2016

4

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing
instrument was served upon the attorneys of record of all parties
to the above cause by mailing the same to them at their respective
business addresses as disclosed by the pleadings of record herein with
postage fully prepaid thereon on _____ *10 - 1 3 -16* _____, AND
VIA EMAIL
I declare under the penalty of perjury that the statement above
is true to the best of my information, knowledge and belief.

_____
Diane Collins

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and NECIA NORDEN,

     Plaintiffs,

v

LENAWEE STAMPING CORPORATION, a Domestic
Profit Corporation, WEMO NEDERLAND B.V., a Netherland
Corporation, WEMO INTERNATIONAL B.V., a Netherland
Corporation, WEMO-USA, LLC, a Foreign Profit Corporation,
JOHN DOE (Fence Manufacturer), TROAX NORDIC AB, a
Swedish Corporation, TROAX, INC., a Foreign Profit Corporation,
MECCO ENGINEERING CORPORATION, a Canadian Corporation,
HALMA PLC, a British public limited Corporation, FORTRESS
INTERLOCKS LIMITED, a British Corporation and subsidiary of
HALMA PLC, FORTRESS INTERLOCKS AMERICA, a subsidiary of
HALMA PLC, PILZ AUTOMATION SAFETY, LIMITED PARTNERSHIP,
a Domestic Limited Partnership, and CAMBRIDGE RIGGING,
a Canadian Corporation

     Defendants.

HON. MARGARET M.S. NOE
CASE NO. 16-5555-CZ

_____/

| | |
|---|---|
| MORGAN & MEYERS, PLC<br>COURTNEY E. MORGAN, JR. (P29137)<br>BRIAN T. KECK (P77668)<br>Attorneys for Plaintiffs<br>3200 Greenfield, Ste 260<br>Dearborn, MI 48120<br>(313) 961-0130; 961-8178 Fax<br>cmorgan@morganmeyers.com | WARD, ANDERSON, PORRITT,<br>BRYANT & LORD<br>DAVID S. ANDERSON (P31213)<br>Attorney for Defendants,<br>HALMA PLC, FORTRESS INTERLOCKS LTD. &<br>FORTRESS INTERLOCKS AMERICA<br>4190 Telegraph Rd., Ste 2300<br>Bloomfield Hills, MI 48302<br>(248) 593-1440; 593-7920 Fax<br>danderson@wardanderson.com |
| DICKINSON WRIGHT PLLC<br>DAVID J. HOUSTON (P30448)<br>Attorneys for Defendant, LENAWEE<br>215 S. Washington Sq., Ste 200<br>Lansing, MI 48933<br>(517) 371-1730<br>dhouston@dickinsonwright.com | RAINS & RAINS<br>LOWRY M. RAINS (P55246)<br>Co-Counsel for Defendant, LENAWEE<br>217 E. Front St., Apt. 1<br>Adrian, MI 49221<br>(517) 263-6180; 263-6680 Fax<br>rainslaw@frontier.com |
| JK.WINTERS, P.C.<br>J. KEVIN WINTERS (P59405) | |

Attorney for Defendant, CAMBRIDGE
411 West Lake Lansing Rd., Ste B-152
East Lansing, MI 48823
(517) 908-3380; 908-3388 Fax
kwinters@winterspc.com

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
Attorneys for Defendants, WEMO-USA
17197 N. Laurel Park Dr., Ste 201
Livonia, MI 48152
(313) 327-3100; 327-3101
jeffrey.hart@wilsonelser.com

LAW OFFICES OF JAMES M. HICKS
MICHAEL C. O'MALLEY (P59108)
Attorney for Defendant, PILZ
One Towne Square, Ste 1060
Southfield, MI 48076
(248) 350-6173; (314) 682-1469 Fax
michael.omalley@cna.com

ROETZEL & ANDRESS, LPA
PHILIP S. HEEBSH (75547)
Attorney for Defendants,
TROAX, INC. & TROAX NORDIC AB
One SeaGate, Ste 1700
Toledo, OH 43604
(419) 254-5277; 242-0316 Fax
pheebsh@ralaw.com

_____/

## DEFENDANTS', HALMA PLC, FORTRESS INTERLOCKS LIMITED, and FORTRESS INTERLOCKS AMERICA'S ANSWER TO PLAINTIFFS' THIRD-AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendants, HALMA PLC (Halma), FORTRESS INTERLOCKS LIMITED (Fortress Limited), and FORTRESS INTERLOCKS AMERICA (Fortress America), collectively referred to as Defendants in this answer, by and through their attorney, WARD, ANDERSON, PORRITT, BRYANT & LORD, and state the following in response to Plaintiffs' Third-Amended Complaint:

## JURISDICTION AND VENUE

1.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

2.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

3.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

4.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

5.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

6.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

7.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

8.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

9.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

10.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

      11.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

      12.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

      13.    Defendant Halma admits that it is a British holding company located in England.  Defendant Halma neither admits nor denies the balance of the allegations and leaves Plaintiffs to their proofs.

      14.    Defendant Fortress Limited admits that it is a British company located in England and is a subsidiary of Halma, PLC.  Defendant, neither admits nor denies the balance of the allegations and leaves Plaintiffs to their proofs.

      15.    Defendant Fortress America admits that it is a branch of Fortress Interlocks Limited but denies the balance of the allegations for the reason that they are untrue.

      16.    Defendant Fortress America denies the allegations for the reason that they are untrue.

      17.    Defendant Halma denies the allegations for the reason that they are untrue.

      18.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

      19.    Defendants neither admit nor deny the allegations for the reason that they

are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

20.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

### FACTUAL ALLEGATIONS AS TO CLAIM I – TEMPORARY RESTRAINING ORDER

21.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

22.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

23.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

24.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

25.    Admitted.

26.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

27.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

28.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

29.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

30.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

## FACTUAL ALLEGATIONS AS TO CLAIM II – VII

31.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

32.       Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

33.       Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

34.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

35.      Defendants neither admit nor deny the allegations for the reason that they

are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

36.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

37.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

38.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

39.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

40.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

41.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

42.   Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

43.   Defendants neither admit nor deny the allegations for the reason that they

are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

44.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

45.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

46.     Defendants deny that they manufactured the fence and locking mechanism on the WEMO bending machine involved in the subject accident. Defendants neither admit nor deny the balance of the allegations against Defendant Troax.

47.     Defendants deny that they manufactured the mechanical lockout/tag-out mechanism on the fence surrounding the WEMO bending machine involved in the subject accident.  Defendants neither admit nor deny the allegations against Defendant Troax.

48.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

49.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

50.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

51.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

52.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

53.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

54.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

55.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

56.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

57.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

58.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

59.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

60.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

## CLAIM I – TEMPORARY RESTRAINING ORDER

61.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

62.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

63.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

## CLAIM II – PRODUCTS LIABILITY AS TO DEFENDANTS, WEMO NEDERLAND B.V., WEMO INTERNATIONAL B.V. AND WEMO-USA, LLC UNDER MC 600.2946 ET AL

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-63 as though fully set forth herein.

64.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

65.      Defendants neither admit nor deny the allegations in the form as stated and leave Plaintiffs to their proofs.

66.      Defendants neither admit nor deny the allegations in the form as stated and leave Plaintiffs to their proofs.

67.      Defendants neither admit nor deny the allegations in the form as stated and leave Plaintiffs to their proofs.

### CLAIM III – PRODUCT LIABILITY – BREACH OF EXPRESS AND IMPLIED WARANTY VIOLATION OF UNIFORM COMMERCIAL CODE– MCL 440.2313, 440.2314 & 440.2315 – AS TO DEFENDANTS,  WEMO NEDERLAND B.V., WEMO INTERNATIONAL B.V. AND WEMO-USA, LLC

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-67 as though fully set forth herein.

68.      Defendants neither admit nor deny the allegations in the form as stated and leave Plaintiffs to their proofs.

69.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

70.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

71.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

72.      Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

73.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

## CLAIM IV – PRODUCT LIABILITY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA, FORTRESS INTERLOCKS, AND PILZ AUTOMATION UNDER MCL 600.2946, ET AL

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-73 as though fully set forth herein.

74.    Defendants deny the allegations against your Defendants.   Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

75.    Defendants deny the allegations against your Defendants.   Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

76.    Defendants deny the allegations against your Defendants.   Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

77.    Defendants deny the allegations against your Defendants.   Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

WHEREFORE, Defendants request a judgment of no cause for action in favor of your Defendants and assess costs and attorney's fees against Plaintiffs and their attorneys.

## CLAIM V – PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY AS TO DEFENDANTS JOHN DOE, TROAX, HALMA AND PILZ AUTOMATION

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-77 as though fully set forth herein.

78.    Defendants deny they designed, manufactured or distributed the fence and  mechanical lockout/tag-out mechanism for the WEMO bending machine involved

12

in the Plaintiffs' accident and deny the allegations regarding any duties owed by your Defendants for the reason they are untrue. Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

79.     Defendants deny they designed, manufactured or distributed the fence and mechanical lockout/tag-out mechanism for the WEMO bending machine involved in the Plaintiffs' accident and deny the allegations regarding any duties owed by your Defendants for the reason they are untrue. Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

80.     Defendants deny they designed, manufactured or distributed the fence and  mechanical lockout/tag-out mechanism for the WEMO bending machine involved in the Plaintiffs' accident and deny the allegations regarding any duties owed by your Defendants for the reason they are untrue. Defendants neither admit nor deny the allegations against Defendants John Doe, Troax and Pilz.

WHEREFORE, Defendants request a judgment of no cause for action in favor of your Defendants and assess costs and attorney's fees against Plaintiffs and their attorneys.

## CLAIM VI – NEGLIGENCE AS TO DEFENDANT MECCO

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-80 as though fully set forth herein.

81.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

82.     Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

83.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

84.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

WHEREFORE, Defendants request a judgment of no cause for action in favor of your Defendants and assess costs and attorney's fees against Plaintiffs and their attorneys.

## CLAIM VII – NEGLIGENCE AS TO DEFENDANT CAMBRIDGE RIGGINGS

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-84 as though fully set forth herein.

85.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

86.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

87.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

88.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their

proofs.

## CLAIM VIII – LOSS OF CONSORTIUM

Defendants adopt and incorporate by reference the answers given in response to paragraphs 1-88 as though fully set forth herein.

89.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

90.    Defendants neither admit nor deny the allegations for the reason that they are without sufficient knowledge or information to reply and leave Plaintiffs to their proofs.

WHEREFORE, Defendants request a judgment of no cause for action in favor of your Defendants and assess costs and attorney's fees against Plaintiffs and their attorneys.

<div style="margin-left: 40%;">

Respectfully submitted,

WARD, ANDERSON, PORRITT,
BRYANT & LORD

</div>

Dated:  October 10, 2016

DAVID S. ANDERSON (P31213)
Attorney for Defendants,
HALMA PLC, FORTRESS INTERLOCKS LTD.
& FORTRESS INTERLOCKS AMERICA
4190 Telegraph Rd., Ste 2300
Bloomfield Hills, MI 48302
(248) 593-1440; 593-7920 Fax

## AFFIRMATIVE DEFENSES

NOW COMES Defendants, HALMA PLC (Halma), FORTRESS INTERLOCKS LIMITED (Fortress Limited), and FORTRESS INTERLOCKS AMERICA (Fortress America), collectively referred to as Defendants in this answer, by and through their attorney, WARD, ANDERSON, PORRITT, BRYANT & LORD, and for its Affirmative Defenses, states onto the Court as follows:

1.      The Amended Complaint should be dismissed against Defendants for the reason that there is no proximate cause between any injuries or damages sustained by the Plaintiff and any act or omission by your Defendants.

2.      The Amended Complaint should be dismissed against Defendants for the reason that it fails to state a claim upon which relief can be granted against Defendants.

3.      Any injuries or damages sustained by the Plaintiff were caused in whole or in part by the negligence and/or comparative negligence of the Plaintiff and/or other parties and/or non-parties.

4.      Defendant claims all set-offs as required by law including all collateral source benefits paid or payable, including but not limited to MCL 600.6303.

5.      That Plaintiffs' degree of fault exceeds 50%, therefore, Plaintiffs' are barred from recovering any non-economic damages.

6.      Defendants deny any negligence, breach of warranty, or other actionable conduct or omission.

7.      Plaintiffs' action is barred by the applicable Statute of Limitations and Defendants reserve the right to move for summary disposition.

8.    Plaintiffs' Amended Complaint failed to state a claim upon which relief can be granted, in whole or in part, and Defendants have no liability to Plaintiffs for the reason that any defect/hazard/danger was open and obvious to Plaintiff.

9.    The Amended Complaint should be dismissed against Defendants for the reason that they had no notice of any defect involving any product prior to the Plaintiffs' accident.

10.    That Plaintiffs' claim is barred by the provisions of MCLA 600.5839.

11.    That the sole and/or contributing cause of Plaintiffs' injuries was the misuse, abuse, change, modification, and/or alteration of the product by Plaintiff, Plaintiff's employer, one of the Co-Defendants or an unidentified third-party.   MCLA 600.2947.

12.    The Complaint is barred for failure to give contractual and/or statutory notice of defects under any contract or sale under the Uniform Commercial Code.

13.    Plaintiffs assumed the risk of his own actions as described in the Complaint.

14.    Plaintiffs' cause of action is barred in total, or at least in part, by MCL 600.2945 et seq. commonly known as the Product Liability Statute.

15.    Plaintiffs' cause of action is barred in total, or at least in part, because the product was reasonably safe at the time the product left the control of Defendants and there are no practical or technically feasible alternative practices available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.   MCLA 600.2946.

16.     Plaintiffs' cause of action in product liability litigation is barred in total, or at least in part, by the Non-Economic Damages limitations set forth in MCLA 600.2946a.

17.     Plaintiffs' claims are barred in total, or at least in part, by the provisions of the Uniform Commercial Code.

18.     Plaintiffs' cause of action is barred in total, or at least in part, due to the fact that Defendants exercised reasonable care and did not make any express or implied warranty as alleged and the product did not fail to conform to any express or implied warranty.

19.     Defendants rely on all provisions of the Michigan Products Liability Act, MCLA 600.2945 et. Seq.

20.     Defendants reserve the right to add to, supplement, modify, change or amend any and all affirmative defenses as the facts and circumstances become known.

DATED: October 10, 2016                    Respectfully submitted,

                                          WARD, ANDERSON, PORRITT,
                                          BRYANT & LORD

                                          _____
                                          DAVID S. ANDERSON (P31213)
                                          Attorney for Defendants,
                                          HALMA PLC, FORTRESS INTERLOCKS LTD.
                                          & FORTRESS INTERLOCKS AMERICA
                                          4190 Telegraph Rd., Ste 2300
                                          Bloomfield Hills, MI 48302

## RELIANCE UPON JURY DEMAND

Defendants, HALMA PLC, FORTRESS INTERLOCKS LIMITED and FORTRESS INTERLOCKS AMERICA by and through their attorneys, WARD, ANDERSON, PORRITT, BRYANT & LORD, hereby rely upon the Demand for Trial by Jury previously filed in this cause of action.

DATED: October 10, 2016

Respectfully submitted,

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by electronic filing at their respective e-mail addresses as disclosed by the pleadings of record herein, on the 11th **day of October, 2016**.  I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

_____
Jessica R. Beck

WARD, ANDERSON, PORRITT, BRYANT & LORD

_____
DAVID S. ANDERSON (P31213)
Attorney for Defendants,
HALMA PLC, FORTRESS INTERLOCKS LTD.
& FORTRESS INTERLOCKS AMERICA
4190 Telegraph Rd., Ste 2300
Bloomfield Hills, MI 48302
(248) 593-1440
danderson@wardanderson.com

G:\XL\7395 Tate & Necia Norden v Halma PC, et al\PLD\Ans, JD & Aff Def to 3rd Amended Complaint.docx

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

TATE NORDEN and
NECIA NORDEN,

            Plaintiffs,

v.

WEMO NEDERLAND B.V., a Netherland
corporation, WEMO INTERNATIONAL
B.V., a Netherland corporation, HALMA
PLC, a British public limited company,
FORTRESS INTERLOCKS LIMITED, a
British corporation and subsidiary of
HALMA PLC, FORTRESS INTERLOCKS
AMERICA, a subsidiary of HALMA PLC,

            Defendants.

Civil Action No. 16-5555-CZ

Hon. Anna Marie Anzalone

**STIPULATED ORDER TO ADJOURN
PRE-TRIAL SCHEDULING ORDER
NINETY (90) DAYS AND OTHER
DISCOVERY MATTERS**

FILED JUL 18 2019 39TH CIRCUIT COURT LENAWEE COUNTY CLERK ADRIAN, MICHIGAN

| | |
|---|---|
| **COURTNEY E. MORGAN, JR. (P29137)**<br>**BRIAN T. KECK (P77668)**<br>Law Offices of Courtney Morgan, PLLC<br>Attorneys for Plaintiff<br>3200 Greenfield, Ste. 260<br>Dearborn, MI  48120<br>(313) 961-0130/(313) 961-8178 (fax)<br>cmorgan@morganmeyers.com<br>bkeck@morganmeyers.com<br><br><br>**ROBERT M. CAPLAN**<br>White and Williams, LLP<br>(Silent Intervenor for Mitsui)<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA 19103<br>caplanr@whiteandwilliams.com | **RUSSELL W. PORRITT, II (P38659)**<br>Ward, Anderson, Porritt, Bryant & Lord<br>Attorneys for Defendants Halma PLC and<br>    Fortress Interlocks<br>4190 Telegraph Rd., Ste. 2300<br>Bloomfield Hills, MI 48302<br>(248) 593-1440/(248) 593-7920 (fax)<br>rporritt@wardanderson.com<br><br>**JOHN T. EADS, III (P43815)**<br>**JEFFREY C. HART (P69217)**<br>**LUKE D. WOLF (81932)**<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>Attorneys for Defendants WEMO International,<br>BV, and WEMO Nederlands, BV<br>17197 N. Laurel Park Dr., Ste. 201<br>Livonia, MI  48152<br>(313) 327-3100/(313) 327-3101 (fax)<br>john.eads@wilsonelser.com<br>jeffrey.hart@wilsonelser.com<br>luke.wolf@wilsonelser.com |

## STIPULATED ORDER TO ADJOURN
## PRE-TRIAL SCHEDULING ORDER NINETY (90) DAYS
## AND OTHER DISCOVERY MATTERS

5666460v.1

At a session of said Court held in
the Courthouse, City of Adrian,
County of Lenawee, State of Michigan

on _____.

PRESENT:   HON. _____
Circuit Court Judge

This matter having come before the Court, and the Court being otherwise fully apprised in the premises; **NOW THEREFORE:**

**IT IS HEREBY ORDERED** that the March 1, 2019 Pre-Trial Scheduling Order Dates for discovery, dispositive motions, pre-trial, and facilitation are adjourned as follows:

- Discovery Cut-off Deadline:                    May 29, 2019  to **September 17, 2019**
- Dispositive Motions Filing Deadline:           July 17, 2019 to **October 17, 2019**
- Facilitation Deadline:                         June 30, 2019 to  **October 31, 2019**
- Pre-trial Conference:           September 12, 2019 to **December 12, 2019 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that:

- Philip Heebsh shall act as a deposition discovery master to rule on objections that arise during depositions. Mr. Heebsh shall appear remotely via telephone. Mr. Heebsh's fee of $200 per hour shall be paid 50 percent by Plaintiffs and 50 percent by WEMO;
- Plaintiffs shall produce Tate Norden for his deposition on or before **August 16, 2019;**
- Plaintiffs shall provide expert witness disclosures in accordance with this Court's May 28, 2019 Order on or before **July 31, 2019**; and
- The Parties agree to the selection of Robert Best as the facilitator for this matter and this court orders facilitation to take place with Mr. Best.

**IT IS FURTHER ORDERED** that a fourth Pre-Trial shall take place on *a date chosen at the 12/12/19 pre-trial* **at 9:00 a.m.**

2

5666460v.1

**IT IS SO ORDERED**.

*This order does not resolve all pending claims and the case remains open.*


/s/ Michael R. Olsaver
_____
HON. ANNA MARIE ANZALONE
CIRCUIT COURT JUDGE     JUL 1 8 2019


STIPULATED AND AGREED TO:


Brian T. Keck (w/ permission)
_____
COURTNEY E. MORGAN, JR. (P29137)
BRIAN T. KECK (P77668)
Law Offices of Courtney Morgan, PLLC
Attorneys for Plaintiffs


_____
JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
LUKE D. WOLF (P81932)
Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendants WEMO


Russell W. Porritt, II (w/ permission)
_____
Russell W. Porritt, II (P38659)
Ward Anderson, et al.
Attorneys for Halma PLC & Fortress
Interlocks

3